JAMES E. CROSSLEY, DEFENDANT IN ERROR, v. ST. PHILIP NERI (CORPORATION), PLAINTIFF IN ERROR.

Argued December 3, 1906—Decided June 17, 1907.

In the absence of a statutory prohibition or limitation upon the authority of agents of a corporation, authority may be conferred by parol, and may be inferred from circumstances, or implied from the acquiescence of the corporation or its managers in a general course of business.

On error to the Supreme Court.

For the plaintiff in error, *William J. Kearns.*

For the defendant in error, *Riker & Riker.*

The opinion of the court was delivered by

PITNEY, J.   This was an action to recover the amount due upon five promissory notes, purporting to be made by St. Philip Neri's Catholic church, four of them signed by Bishop John J. O'Connor as president of the board of trustees of the church, and one signed by John A. Sheppard, vicar-general, as acting president of the board.   Four of the notes were payable to the order of Rev. Felix Morelli, who was treasurer of the church, and by him endorsed over to the plaintiff; the fifth note was payable to plaintiff's order.

The church corporation was organized under the general "Act to incorporate trustees of religious societies," approved

April 9th, 1875. *Gen. Stat., p.* 2741, § 39, &c. By section 40 of this act such a corporation is capacitated to purchase and hold lands, including church edifices, schools and parsonages. From these objects the incidental power to borrow money is reasonably to be inferred.

The questions raised by counsel for plaintiff in error relate solely to the proof of the authority of the bishop and vicar-general to sign the notes in question. It was in evidence that Bishop O'Connor was president of the board of trustees of St. Philip Neri; that Father Sheppard was vicar-general of the diocese and in the absence of the bishop represented him and acted as president of the board of trustees with all the powers possessed by the bishop; that the notes in suit were signed by these functionaries; and that numerous other notes, "made as these notes were made," had been signed by the bishop, and in his absence by the vicar-general, and had been recognized by the church and paid as they became due. It was further shown that the minutes of the trustees of the church contained no resolution authorizing the making of the notes in suit; that, according to the laws of the diocese, a resolution of the board was required for the making of a new note, but that, as to renewals, special resolutions of the board were not required; and that the notes in suit, so far as signed by the bishop, were signed under the impression that they were renewals. It was in evidence and undisputed that each of the notes was taken by the plaintiff for value before maturity from Father Morelli, who at the time was treasurer of the church.

The learned Chief Justice, before whom the case was tried, denied a motion for direction of a verdict in defendant's favor, which was based upon the ground that there was no proof of authority in the agents of the corporation to make the notes, and submitted the case to the jury with instructions to the effect that in order to find a liability resting upon the church it was not necessary that there should have been a meeting of the board of trustees preceding the issuing of each note and a resolution passed by the board authorizing the making of the note; and that the authority of the bishop and vicar-gen-

eral could be inferred from their customary exercise of such authority in the signing of notes issued in the name of the corporation and from the recognition of such notes by the act of the church in paying them.

We think the case was properly disposed of. In the absence of a statutory prohibition or limitation upon the authority of the agent (and there is none such in the present case) authority may be conferred by parol, and may be inferred from circumstances or implied from the acquiescence of the corporation or its managers in a general course of business. *Martin* v. *Webb,* 110 *U. S.* 7; *Stokes* v. *New Jersey Pottery Co.,* 17 *Vroom* 237, 242.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 14.

*For reversal*—None.