HYMAN ISAACS SONS COMPANY, A CORPORATION, AP-
PELLEE, v. HERMAN ELLIS, APPELLANT.

Argued June 4, 1907—Decided January 10th, 1908.

> In an action on contract in a District Court, the plaintiff sued to
> recover an amount claimed to be due upon a book account. The
> defendant filed a set-off, setting up a demand for a share of the
> profits of a transaction in the purchase and sale of scrap iron
> under an alleged written agreement between the parties. At the
> trial, before the hearing of evidence was begun, the trial judge, on
> motion, dismissed the set-off as showing a demand for unliqui-
> dated damages. On review, it appearing that there was annexed
> to the special count the combination money counts in *indebitatus
> assumpsit*, which, among other things, set forth "that plaintiff was
> indebted to the defendant in the sum of three hundred dollars for
> goods sold and delivered by defendant to the plaintiff at his re-
> quest, and in the like sum for money lent by defendant to plaintiff
> at his request, and in the like sum for money due from plaintiff to
> defendant on an account stated between them," it was *held* that,
> without determining the validity of the special count as a set-off,
> the common counts, as stated, were sufficient to constitute a law-
> ful set-off, and that the court's action in dismissing the set-off
> without hearing defendant's evidence was error, for which the
> judgment must be reversed.

On appeal from the District Court of the city of Perth
Amboy.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the defendant-appellant, *George J. Plechner.*

For the plaintiff-appellee, *Nathan R. Leavitt.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff sued defendant in an action
on contract for amount claimed to be due upon a book account
and recovered judgment for the same amounting to $123.65,
besides costs.

The defendant, prior to the hearing, filed a set-off, claim-

ing $300 due to him from the plaintiff. Before any testimony was offered on the part of the defendant the plaintiff moved to dismiss the set-off on the ground that it was for the recovery of an unliquidated sum of money. Defendant contended that his set-off was for a liquidated demand, and that this appeared from an inspection of the set-off, and that the court could not determine whether or not the set-off was for the recovery of an unliquidated or a liquidated sum of money, until testimony in relation to the set-off had been heard.

Without hearing any testimony on the part of the defendant the trial judge dismissed the set-off on the ground that the amount claimed in it, as appeared from an inspection thereof, was unliquidated. The disputed question is whether that count in the set-off which claims half the profits of a sale of certain scrap iron bought by the plaintiff from the Raritan Copper Works and sold at a profit by him, the amount of which is therein specified (there being, as claimed, an agreement between the parties that any iron purchased by either of them should be for the joint account, with an equal participation in the profits), sets up a claim for liquidated or for unliquidated profits. In order that the claim may be the subject-matter of set-off, it must not only be a liquidated claim (that is, one either certain in amount or that may be easily rendered certain), but it must be a claim arising upon the *indebitatus assumpsit*—that is, for an executed consideration. *Godkin* v. *Bailey et al., 45 Vroom* 655. It is contended for the plaintiff that the agreement sets up a special partnership, and as such it cannot be said that the damages are liquidated until an account has been settled between the parties. While it is not necessary at this time to settle this question, it may be observed that in *Perrine* v. *Hankinson, 6 Halst.* 181, it was held that an agreement of plaintiff to receive of defendant by way of rent a portion of the profits of a farm, &c., such agreement did not constitute them partners between themselves so as to disable the plaintiff from suing at law. See, also, *Patten* v. *Heustis, 2 Dutcher* 293. But it appears from what has already been said that there is

doubt whether the special count in the set-off sets up a demand capable of being set off. We do not deem it necessary at this time to determine that question, and since for another reason, to be stated, there must be a reversal, it is perhaps better to leave that question open until evidence be taken in a trial *de novo*. There must be a reversal because there were other counts known as the common money counts in *indebitatus assumpsit,* annexed to the special count we have been considering, one or more of which would plainly have been sufficient to warrant the receiving of proofs thereunder of any liquidated demand of the nature set forth in such counts.

While some doubt was expressed in *Vanderveer* v. *McMackin,* 1 *Halst.* 213, whether the ordinary common counts would be good as a state of demand in the court for the trial of small causes, it was there held that a count for money paid to and for the use of defendant and at his request to A. B. is good in a justice's court. This decision is in accord with the established rule that technical accuracy of pleading is not required in a justice's court. It is sufficient if the demand contains in itself a legal cause of action, apprises the defendant of the complaint against him, and so states the case that it may afterwards appear what was decided. *Patten* v. *Heustis, supra.* The common counts in this case set up, among other things, that plaintiff was indebted to defendant in the sum of $300 for goods sold and delivered by defendant to plaintiff at his request, and in the like sum for money lent by defendant to plaintiff at his request, and in the like sum for money due from plaintiff to defendant on an account stated between them. We think these were sufficiently definite, under the rule stated, to constitute a lawful set-off, and should have been so treated by the trial judge. We think the point was well taken in the trial below by the defendant that, so far as these counts were concerned, the trial judge could not, without hearing the proof, decide whether the set-off was for a liquidated or an unliquidated demand.

It was urged for the appellee that the court's action should be sustained on the further ground that the set-off was not pleaded and does not have the affidavit of merits attached, as

required in the higher courts under the Practice act. This is urged because of the sixtieth section of the District Court act, which provides that the practice of the Circuit Courts, in so far as applicable, shall apply to District Courts. It is only necessary to say that plainly the section in question does not have the effect of extending the statutory rules. of pleading which apply to the Circuit Courts to the District Courts. It does not purport to do so. The result is that the action of the trial judge in dismissing the set-off was, under the circumstances, erroneous, and that, for this error, the judgment below must be reversed, with costs.