## TILLIE J. BOLTON v. JAMES H. BOLTON.

### Argued December 16, 1913—Decided March 9, 1914.

1. When a wife has been decreed to have alimony paid to her, and afterwards is adjudged bankrupt, she is entitled to all alimony accruing from the time the petition in bankruptcy was filed.
2. Under the provisions of Bankruptcy act of July 1st, 1898, which provides that all property of the bankrupt which could have been transferred by the bankrupt, before the filing of the petition, passes to the trustee, arrears of alimony accruing to the wife, to the filing of the petition in bankruptcy, pass to the trustee.
3. Whether a foreign decree for alimony be within the full faith and credit clause, or not, the domestic court will enforce it on the ground of comity, where it is shown to be in full force.

---

On motion to strike out answer as disclosing no defence.

Before Justice PARKER.

For the plaintiff, *Collins & Corbin*.

For the defendant, *Clarence E. Case*.

The opinion of the court was delivered by

PARKER, J. This matter was argued orally at the Somer-
set Circuit, and at my suggestion counsel have submitted
briefs. The suit is to recover arrears of alimony accrued on
a decree of divorce entered in New York on August 3d, 1911.
No fixed arrears of alimony were then declared to be due,
but the claim is for alimony accrued under the decree since
the last payment in December, 1911. The answer raises two
points—*first,* that the plaintiff was adjudicated a bankrupt
about February 28th, 1913, and (as claimed) all the accrued
alimony up to the adjudication belongs to, and if, recoverable
at all, is recoverable by the trustee in bankruptcy, and
*secondly,* that by the statute of New York such an award of
alimony, even as to that already accrued, is subject to re-
vision, and hence, is not a final judgment in the sense in-
tended by the full faith and credit clause of the national
constitution; and hence (as claimed), is not recoverable in
this suit.

If the arrears up to the time of the bankruptcy went to
the trustee, the date of filing the petition is, I think, the date
to which such arrears run. See *Wheatman* v. *Andrews,* 89
*Atl. Rep.* 285; *Everett* v. *Judson,* 228 *U. S.* 474. In any
event, as defendant concedes, the alimony accrued since that
time belongs to the plaintiff and apart from the other defence
a judgment should pass for that amount at this stage, pur-
suant to rule 82 of this court, which provides that if the de-
fence set up "applies only to part of plaintiff's claim, or that
any part is admitted, the plaintiff may have final judgment
forthwith for so much of the claim as the defence does not
apply to or is admitted, subject to such terms as may be
deemed just.".

But there is a larger question, viz., whether the trustee in
bankruptcy is entitled to the arrears up to the filing of the

petition.  By section 70 of the Bankrupt act the trustee takes *inter alia* (5) property "which prior to the filing of the petition he (the bankrupt) could by any means have transferred or which might have been levied upon and sold under judicial proceedings."  It was held in *Stevenson* v. *Stevenson, 34 Hun* 157, that creditors can reach alimony payments in proceedings supplementary to execution.  Alimony is so purely a provision for personal support of a wife, and so peculiarly under the control of the court awarding it, that the husband is not relieved by his bankruptcy of the obligation to pay it.  *Audubon* v. *Shufeldt, 181 U. S.* 575.

The question, then, is whether it is similarly unaffected by the bankruptcy of the wife.  Notwithstanding the remark in *Loveland on Bankruptcy* (section 153), I feel unwilling, on a motion for summary judgment, to hold that arrears of alimony accrued at the time of filing the petition do not pass to the trustee.  When it is considered that during the period of non-payment the wife has in all probability been contracting debts for her support on the faith of recovering these payments, and that alimony is awarded for the express purpose of enabling her to meet the expense of her support by paying in cash as she goes along, and when it is considered further that by her discharge in bankruptcy these debts are wiped out, it seems manifestly unjust that the creditors should have no recourse to the very fund that the divorce court provided to pay them.  That creditors whose debts accrued subsequent to the decree are entitled to such recourse by the usual methods of reaching a debtor's property, is held *obiter* in *Romaine* v. *Chauncey,* 129 *N. Y.* 566, and *Fickel* v. *Granger,* 83 *Ohio St.* 101; and in the Chancery case of *Foote* v. *Foote,* 68 *Atl. Rep.* 467, not officially reported, payments made by the husband for the wife's account were allowed by way of deduction from the amount of alimony decreed.  So, I will hold, for the purposes of this motion, that the answer may stand as to arrears accrued at the time of filing the petition in bankruptcy.

The second defence, I think, is without merit.  Granting

all that the defendant claims as to the full faith and credit clause and the non-conclusiveness of the decree as a judgment, it does not seem to be asserted that any change has in fact taken place in the *status* of the decree. It is not denied that the decree awarded $125 a month; that a specified time has elapsed during which nothing has been paid. From such facts it follows that a definite amount is due unless some change has taken place in the decree. The decree is not a final judgment, it is true, under the full faith and credit clause. *Lynde* v. *Lynde,* 181 *U. S.* 183. Hence, whether it should be enforced here is a question for the discretion of our courts in carrying out a policy of state comity. In *Freund* v. *Freund,* 71 *N. J. Eq.* 524, 529, Vice Chancellor Emery declined to decide the question on the ground that it was in that case unnecessary. In *Lynde* v. *Lynde, supra,* a case beginning in our courts, continued in those of New York, and reaching the Supreme Court of the United States, the New York Supreme Court enforced the award of future alimony, but the appellate division refused to do so (58 *N. Y. Supp.* 567), and was sustained in this ruling by the Court of Appeals. 162 *N. Y.* 405. This was followed in *Page* v. *Page,* 189 *Mass.* 85; 75 *N. E. Rep.* 92. But both decisions appear to turn on the obligation of a state court to enforce a judgment of another state because final. On the other hand, in the Rhode Island case of *Wagner* v. *Wagner,* 57 *Atl. Rep.* 1058, it was held that the fact that a decree for alimony was subject to modification should not deprive the wife of the right to recover in another state the amount actually accrued thereon. This ruling strikes me as a sound one worthy of being followed.

I consider the decree, which is admitted, as evidential of the amount accrued. No claim of payment or change in the decree is made, nor that any such change has been applied for. The defendant practically admits that if he were in New York the decree (on this branch of the case) would be enforceable against him. His position seems to be that while he owes the money, plaintiff cannot conclusively prove it nor

require the courts of this state to enforce its payment. I think that sound public policy should prompt this court to aid the courts of New York in the enforcement of a decree whose propriety is in no way questioned.

Pursuant to rule 82, judgment may be entered at this time in favor of plaintiff for the arrears accrued since the filing of the petition in bankruptcy. Plaintiff may elect whether the refusal to award the rest shall be put in final shape for purposes of review, or reserved for further consideration at a trial.