ADMINISTRATORS OF ROBERT GLENN *vs.* GEORGE A. WHIP-
PLE and others.

It is no defence to a foreclosure that the mortgage was given to secure the
purchase money, and that the conveyance was by deed containing covenants
that the property was clear of encumbrances, and that the grantor's wife
had survived her husband, and claimed dower in the mortgaged premises.

An outstanding title against the land purchased is no objection to a decree of
foreclosure; it must appear that there has been an eviction, or a suit com-
menced on such title.

*H. J. Mills,* for complainants.

*D. K. Boylan,* for defendants.

THE CHANCELLOR. This is a bill to foreclose, filed by
the administrators of the mortgagee against the mort-
gagors and a party holding a subsequent encumbrance.
The mortgagors, George A. Whipple and his wife, have
filed their answer. They admit the mortgage, and the
money due upon it, but set up that the mortgage was
given to Robert Glenn to secure the purchase money;
that he gave a warranty deed, with full covenants that
the property was free and clear of all encumbrances, &c.;
Esther Ann Glenn, his wife, did not join in the convey-
ance; that she survived her husband, and now claims her
dower right in the mortgaged premises. The defendants
ask the court to protect them against the encumbrance of
the dower before permitting the complainants to enforce
payment of the purchase money.

In the case of *Van Waggoner* v. *McEwen and others,* 1
*G. C. R.* 412, the Chancellor decided, that where a mort-
gage is given to secure the purchase money of land, an
allegation of an outstanding title against the land pur-
chased is no objection to a decree of foreclosure, *aliter,* if
the purchaser is evicted, or an ejectment actually com-
menced against him. And in *Shannon* v. *Marselis et al.,*

*Saxton* 426, the Chancellor says, where there is a mere allegation of an outstanding title or encumbrance the court will not interfere, but leave the party to his remedy on the covenant; but where there is an eviction, or even an ejectment brought, it will interpose. In this latter case, relief was granted because the encumbrance complained of was a mortgage; the mortgagee was before the court prosecuting his claim; all parties were present, and the court had jurisdiction so as to do justice and settle litigation between all the parties. It is true the widow, whose dower in this case is alleged to be an encumbrance upon the property, is a party to this suit, but not in her own right. She is one of the complainants, prosecuting as administratrix of her husband. She is not before the court in her individual capacity, and she claims nothing as his widow.

It will be found, upon an examination of the cases, that they do not go further than the cases I have referred to. *Coster* v. *Munroe Manufacturing Co.*, 1 *G. C. R.* 467; *Couse* v. *Boyles et al.*, 3 *G. C. R.* 212; *Withers* v. *Morrell and others*, 3 *Edw.* 560; *Johnson and others* v. *Gere*, 2 *Johns. Ch. Rep.* 546, carry the principle no further.

The complainant is entitled to his decree.