Dayton v. Dusenbury.

DAYTON *vs.* DUSENBURY and others.

1. A judgment recovered against a debtor, whose wife, to whom he was married before the passage of the married women's act of 1852, was possessed of separate real estate before the passage of that act, is a lien upon his life estate therein.

2. A suit to foreclose a purchase money mortgage on lands, conveyed to the mortgagor by deed with covenant against encumbrances, which were, at the date of the deed, and at the commencement of the suit, subject to judgments, the amount due on the judgments exceeding that due on the mortgage, so that no deduction could be made from the mortgage debt, stayed until the premises should be released from the lien of the judgments.

On final hearing on pleadings and proofs.

*Mr. A. A. Clark,* for complainant.

*Mr. John T. Bird,* for Mrs. Dusenbury.

THE CHANCELLOR.

The bill is filed for foreclosure and sale of mortgaged premises, land in Hunterdon, conveyed January 28th, 1870, by the complainant to the defendant, Mrs. Dusenbury. The mortgage in suit was given to secure $1000 of the purchase money of that conveyance, with interest. The defence is, that at the time of the conveyance, which was by deed with covenant against encumbrances and warranty general, the premises were, and still are, subject to the lien of certain judgments, one against Peter Melick, who owned the property

Dayton v. Dusenbury.

from February 26th, 1861, to September 14th, in the same year, and five others against John C. Rafferty, whose wife (now deceased) owned them from May 29th, 1840, to February 26th, 1861, when she with her husband conveyed them to Melick. The judgment against Melick was recovered in the Circuit Court of Hunterdon, March 1st, 1858. Those against Rafferty were recovered in the same court, in the years 1857 and 1858. The property, at the time of filing the answer, was subject to prior mortgage encumbrances, also set up in the answer, from which it has since been released. The judgment against Melick, if it has not been satisfied, or the land released from its lien, is, of course, an encumbrance on the property. It is insisted by the complainant, that those against Rafferty are not, by force of the second section of the "act for the better securing the property of married women," approved March 25th, 1852, a lien on the premises. The property in question was conveyed to Mrs. Rafferty before her marriage to Mr. Rafferty, which took place in 1841. There was issue of that marriage, four living children. The act of 1852 left Mr. Rafferty's tenancy by the curtesy, as it stood at the common law, unaffected. He therefore, at the birth of the oldest child, which took place in 1843, had an estate for his life in the premises, which he still held when the judgments were recovered against him, for they were all recovered before the conveyance was made by him and his wife to Melick. He is still living. The judgments are therefore liens upon his life estate. *Van Note* v. *Downey*, 4 *Dutcher* 219; *Prall* v. *Smith*, 2 *Vroom* 244. The judgment against Melick was for $251.49. Those against Rafferty were for $1849.54, in the aggregate an amount far exceeding the mortgage. Under the circumstances, a decree cannot be made for the complainant, directing a deduction of the amount due on the judgments, from the amount due on the mortgage. This suit must therefore be stayed until the premises shall have been released from the lien of the judgments. *Van Riper* v. *Williams*, 1 *Green's Ch.* 407; *White* v. *Stretch*, 7 C. E. Green 76.