THE UNION NATIONAL BANK OF RAHWAY vs. PINNER.

In a suit to foreclose a purchase money mortgage, the mortgagor and grantee in the conveyance, is entitled, by virtue of the covenants against encumbrances therein contained, to have the amount of tax liens outstanding on the mortgaged premises deducted from the amount due on the mortgage, and a decree taken only for the balance. And the assignee of such mortgage holds it subject to the same equity.

*Mr. Shafer*, for complainants.

*Mr. Kirkpatrick*, for defendant.

THE VICE-CHANCELLOR.

The two mortgages which this suit is brought to foreclose, were made by Moritz Pinner to Henry B. Crossett, by whom they were assigned to the complainants. They are dated November 19th, 1870, one for $4700, and one for $3000. They were given to secure part of the purchase money of the mortgaged premises, sold and conveyed by Crossett to Pinner.

There are two points made by way of defence. *First.* That the principal was not due when the bill was filed, and that tender had been made of the interest. *Second.* That when the mortgaged premises were conveyed, they were subject to certain tax liens still outstanding, and that, by virtue of the covenants against encumbrances contained in the deed of conveyance, the defendant is entitled to have the amount of such encumbrances deducted from the amount due on the mortgages, and a decree taken, if at all, only for the balance.

I think the second point is well taken, and that the first one is not. The rule of law is established in this state, by the case of *White* v. *Stretch*, 7 *C. E. Green* 76, and the previous decisions in chancery therein referred to, that in a suit to foreclose a purchase money mortgage, the mortgagor

and grantee in the conveyance, can claim deductions for encumbrances covenanted against in the deed from the mortgagee. It is altogether an equitable and reasonable rule, and must be enforced in the present case. The assignees hold the mortgages subject to this equity; and the master, in ascertaining the amount due for principal and interest on the mortgages, must ascertain, also, the unpaid taxes against the premises at the giving of the deed, and deduct them, with lawful interest thereon, from the amount of the mortgages.

As to the first point, I am satisfied that the defendant neither paid or tendered the interest within the sixty days named in the bonds and mortgages. The only question as to this first point, is a question of fact. The special interest clause makes the whole principal due and payable immediately after default for sixty days in the payment of interest. The testimony in the case relates mainly to the question whether the interest for the first period of six months was in default within the meaning of this clause. My conclusion, from the evidence is entirely clear, that there was such default. The mortgages were not to be payable within five years, if the interest should be duly paid. The five years have nearly expired, and no interest, whatever, has been paid, nor, as before said, was it tendered, as it should have been, to prevent the principal from becoming due. It is unnecessary to discuss the evidence in regard to it.

I will advise a decree as above.