## PRICE'S EXECUTORS *vs.* LAWTON.

1. An allegation that there is an outstanding paramount title will not enable the owner of the equity of redemption to arrest the enforcement of a purchase money mortgage.

2. If there has been an eviction by title paramount, or an action is pending by an adverse claimant to try the title to the mortgaged premises, the

court will interfere. But where the aid of the court is sought on the ground of the pendency of such an action, the record must be produced or proof of its contents given, that the court may be advised that such is the nature of the action.

3. *Quære.* Whether leave would be given, on the hearing, to amend, or to file a supplemental answer to a suit for foreclosure of a purchase money mortgage, to set up a defense of eviction from the mortgaged premises.

On bill, answer and proofs.

*Mr. John Whitehead,* for complainants.

*Mr. Daniel W. Gillett,* (of New York,) for defendant.

THE VICE-CHANCELLOR.

This suit is brought to foreclose a purchase money mortgage. The mortgaged premises were conveyed by the mortgagor, by warranty deed, containing a covenant that he was seized of an estate in fee simple, absolutely. Except a denial that there is as much money remaining due on the mortgage as the complainants claim, the defence set up in the answer is limited to the matters set up in the eleventh paragraph, which is in these words:

"That since defendant entered upon the possession of the premises described, the defendant's servants, while engaged in labor upon a portion of the premises in the complainants' bill mentioned, were arrested and taken into custody on legal process, issued at the suit of David McDonald, Henry Day, Arthur Green and others, the said parties claiming to own and have good right to possess and enjoy a part of the said premises, in all amounting to fifty-six acres in one parcel, and about seventy acres in other parcels. That such proceedings were thereon had, that defendant's servants gave bail on such arrest, and the causes were thereupon transferred to the Bergen county Circuit Court, in which court the said actions are now pending and undetermined."

If the pleader intended to aver the pendency of an action attacking the defendant's title to any portion of the mortgaged

premises, it is obvious he has signally failed. The only facts alleged in the paragraph quoted, are, that the defendant's servants were arrested while working on the mortgaged premises, at the suit of persons claiming to have a right to the possession of several different parcels of them, and that these suits were subsequently transferred from a tribunal not named to the Circuit Court of Bergen county, where they are still pending, but it is not alleged that the ground of action or cause of arrest was an unlawful invasion of the mortgaged premises, or any portion of them, or that the suits brought against the servants had the slightest connection with the title to the mortgaged premises, or the right to their possession. It is perfectly manifest the answer does not aver the pendency of a suit to try the title to any part of the mortgaged premises. At most, it merely sets up the assertion of a right to a portion of the mortgaged premises, hostile to the defendant's title. This constitutes no defence. An allegation that there is an outstanding paramount title will not enable the owner of the equity of redemption to arrest the enforcement of a purchase money mortgage, but if there has been an eviction by title paramount, or an action is pending by an adverse claimant to try the title to the mortgaged premises, the court will interfere. *Shannon* v. *Marselis, Saxt.* 413 ; *Van Waggoner* v. *McEwen*, 1 *Green's Ch.* 412 ; *Glenn's Adm'r* v. *Whipple*, 1 *Beas.* 50 ; *Hill* v. *Davidson*, 5 *C. E. Green* 229 ; *Hulfish* v. *O'Brien*, *1b.* 230.

Neither is there any proof of the pendency of an action assailing the defendant's title. The counsel of the two persons who, it is averred in the paragraph quoted, assert a claim to the possession of a part of the premises, says that he issued writs of summons in their favor against the defendant in this suit; that the defendant's attorney acknowledged service; that he gave defendant's attorney copies of the declarations to which he was to plead, and he presumes pleas were drawn; that he and the defendant's attorney often tried causes without pleadings; that he does not believe there is a paper in these suits on file, but he is not sure, for he has not looked for them.

This is all the evidence there is in the case tending to show the pendency of an action. It is needless to observe it is utterly insufficient. No effort has been made to produce the record, nor to show its contents. In the absence of the record or proof of its contents, it is impossible to declare what was the issue in these suits, or their purpose.

The answer does not allege that the defendant has been evicted from any part of the mortgaged premises. No defence of that nature is pretended. The answer is under oath. The bill required it. The defendant has not asked leave to amend,. or to file a supplemental answer. It is doubtful whether, if application had been made on the hearing, leave would have been given. *Campion* v. *Kille*, 1 *McCarter* 229; *Huffman* v. *Hummer*, 2 *C. E. Green* 269. It could only be made on notice to the complainants. The question whether an eviction by paramount title has been proved or not, has not been considered, because it is no part of the matter controverted on. the record.

The complainants are entitled to a decree, with a reference to have the amount remaining due ascertained. The evidence already taken on this point may be used on the hearing before the master.