OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

### NOVEMBER TERM, 1892.

GUSTAV BAUDENDISTEL et ux., appellants,

*v.*

LANSING ZABRISKIE'S EXECUTORS, respondents.

1. On the foreclosure of a mortgage the mortgagor cannot offset moneys that are claimed to be due for taxes existing as liens upon the property at the time the premises were conveyed to him by the mortgagor, his deed containing no covenant against encumbrances.

2. The presence in the conveyance of a covenant for further assurances will not confer such a right.

On appeal from a decree advised by John R. Emery, esquire, advisory master, in *Zabriskie's Executors* v. *Baudendistel et ux.*

The deed of conveyance, to which the opinion refers, did not contain any covenant for seizin or against encumbrances, but did

Baudendistel v. Zabriskie's Exrs.

contain covenants, in the usual form, for quiet enjoyment and a general warranty of title. There was also a covenant for further assurance that was in these words:

"And, also, that the said party of the first part and his heirs shall and will, at any time or times hereafter, upon the reasonable request and at the proper costs and charges in the law, of the said party of the second part, his heirs and assigns, make, do and execute, or cause to be made, done and executed, all and every such further and other lawful and reasonable acts, conveyances and assurances in the law, for the better and more effectually vesting and confirming the premises hereby granted, or so intended to be, in and to the said party of the second part, his heirs and assigns, forever, as by the said party of the second part, his heirs and assigns, or their counsel learned in the law, shall be reasonably advised and required."

*Mr. Frederic W. Stevens,* for the appellants.

*Mr. Gilbert Collins,* for the respondents.

The opinion of the court was delivered by

BEASLEY, C. J.

The object of the bill in this case is to foreclose a mortgage given by the appellants to the respondents to secure part of the money due on the purchase of the premises encumbered. The mortgage itself is in nowise disputed, the defence being that certain taxes and assessments imposed by the town of Harrison were liens upon the premises at the time of such purchase, and that, by force of the covenants in the deed of the respondent, it was the equitable right of the appellants to have the amount of such encumbrances deducted from the money secured by the mortgage.

There were three covenants thus relied on, viz., a covenant for quiet enjoyment, another of general warranty of title, and the third for further assurance.

The master who sat in this case in the court of chancery decided that the deduction claimed for the taxes and assessments just indicated could not be permitted by force of either of the three covenants thus specified. With respect to the covenants

for quiet enjoyment and of warranty, it was deemed that, inasmuch as they were not broken until an eviction had occurred, they were to be discriminated from a covenant against encumbrances, which, if it had been present on this occasion, would, according to a train of decisions that were cited, have established the right set up by the mortgagor. When a grantor has stipulated that there are no encumbrances upon the premises conveyed, such covenant, if infringed at all, is violated by the act of conveyance, and it is the established practice of our courts to compel the mortgagee who seeks to foreclose for the purchase-money, to submit, in some form, to an ascertainment of the damage that must necessarily arise from the existing breach of his covenant, and to reduce to that extent the claim pressed by him.

In this respect this court agrees to the decision of the master.

Before leaving the subject, however, it may be proper to remark, that no opinion is intended to be expressed touching the equitable rule that would have become applicable in case the town of Harrison had been a party to this proceeding and had insisted on the enforcement of its demand for the taxes and assessments in question. It may well be that in such a conjunction, if the court of chancery had found such tax liens to be established and would therefore have been compelled in this foreclosure suit to have decreed that the amount so found should be paid out of the moneys raised by a sale of the mortgaged property, it would have been proper to allow the deduction now claimed to be made by force of the covenant of warranty of title, inasmuch as the very decree of the court in favor of the taxes, with its inherent right of sale, would have been tantamount to an eviction by implication. But this is not the case before us, as the town of Harrison is not a party to the procedure, and was not present in the court below asking it to validate its liens ; the matter being referred to for the purpose of excluding an inference that it was within the scope of our present decision.

Touching the conclusion of the master that the appellants' claim for equitable relief cannot be rested on the covenant for further assurance, we have to say that it is the only result which,

in the opinion of this court, can be legitimately drawn from the premises. It is true that in several of the text-books the proposition is broadly propounded that by force of this species of covenant the covenantor may, by a bill in equity, be compelled to remove an encumbrance upon the premises. But none of such authors have attempted the least exposition of the doctrine or its justification on any legal theory, their sole reason for its assertion being an *obiter dictum* of Justice Heath, in the case of *King* v. *Jones, 5 Taunt. 418.* It has not been shown to us, nor has it otherwise appeared, that there is any other basis for the principle thus loosely assumed. Most assuredly there is nothing in the language of the covenant that appears in the most distant degree to hint at such a purpose—that is, to remove an encumbrance. The agreement is that the grantor, at the request and cost of the grantee, shall

"make, do and execute * * * such other lawful and reasonable acts, conveyances and assurances in the law, for the better and more effectually vesting and confirming the premises hereby granted" &c.

Such language does not seem to be in any respect obscure or uncertain; the grantor is to make *other* conveyances "at the cost of the grantee." What has such a stipulation to do with the removal of an encumbrance? And the object of such conveyance is not left to conjecture, but is distinctly stated; it is "for more effectually vesting and confirming the premises hereby granted."

It is conceived that the plain and only purpose of this kind of covenant is to this effect, that the grantor and his privies shall do all acts necessary to vest in the grantee such an estate as the deed shows it was the intention to vest; and this is what the covenant itself explicitly declares.

Applying this exposition to the present case, it is entirely plain that the appellant's supposed equity has no existence. He took a deed without any covenant against encumbrances, so that the very frame of the instrument repudiates the notion that the grantor agreed to remove them. In such a situation the understanding is that the grantor does not stipulate that the premises

are free from liens, but that, to the contrary, if liens exist and the grantee shall be evicted under them, the grantor will indemnify him for such damage.   The consequence is that there is no covenant, express or implied, for the removal of encumbrances, and for a court of equity to decree a removal would be to order a specific performance of a pure interpolation.

There can be no deduction from the purchase-money by reason of the existence of a covenant for further assurance.

The master rejected the equity claimed by the appellant on the further ground that such claim was incompatible with a certain written agreement touching these taxes that was co-eval with the transaction embracing the conveying and the mortgaging of this property.   The instrument containing this contract was not produced, but the master found that its purport was to the effect that if the defendant was affected by any action on the part of the town of Harrison under these claims, the grantor would protect him, upon being notified and having an opportunity to contest them, and that if such contest proved unsuccessful he would pay them without putting the grantee to an action on the covenant of warranty in the deed.

It is not apparent how such a stipulation as this would be advantageous to the case of the respondent.   In his deed his stipulation is that he will indemnify his grantee if the latter be evicted in consequence of these taxes; in this alleged collateral contract he is to contest such claims *in limine,* and thus prevent an eviction.   There is in this latter contract a nearer approach to an undertaking to remove, in substance, these encumbrances than there is in the former one.   It is, however, unnecessary to consider its effect, as, in our opinion, it is not sufficiently proved.   The appellant denies its existence, and says he never saw such an instrument.   It is an old transaction, and the memory of the respondent with respect to it is at fault in many particulars.   Its effect would be to alter the operation in part of a deed of conveyance formally executed at the same time. We think that such a paper should not be received as a ground for judicial action, unless both its existence and its contents shall have been proved to the point of demonstration.   It is a

matter of public concern that these muniments of the title to real property should not be subject to modification by the dubious and indistinct recollections of witnesses.

Consequently, the agreement in question is discarded by the court, and the decree is affirmed on the other grounds stated.

*For affirmance*—The Chief-Justice, Depue, Dixon, Garrison, Magie, Reed, Van Syckel, Bogert, Brown, Clement, Smith—11.

*For reversal*—None.