MARIE KUHNEN

*v.*

LIDA E. PARKER et al.

[Filed November 1st, 1897.]

If the mortgagee foreclose a purchase-money mortgage against the mortgagor, and the mortgagor shows that the covenant against encumbrances has been broken in such manner as to give him a claim to substantial damages, he may reduce the mortgagee's demand to the extent of those damages.

*Mr. Craig A. Marsh,* for the complainant.

*Mr. Winfield S. Angleman,* for the defendants.

STEVENS, V. C.

The complainant filed his bill to foreclose a mortgage. The defendants answered, averring that they gave it to complainant to secure part of the price of farm land conveyed to them by deed containing covenants of warranty and against encumbrances; that such land was, at the time of the making of the deed, encumbered by rights of way created by recorded instruments which gave the grantee named therein the right to construct a line of iron pipe for the transportation of petroleum, with telegraph and other facilities, over and across the land; and that this pipe line had actually been laid, and that the grantee of the easement was in the full enjoyment thereof at the time of the conveyance to defendants. It is further averred that the complainant knew of this use of the land at the time of the conveyance and concealed it from the defendants, who did not know of it for several weeks afterwards and would not have purchased had they known of it. An application was made under the rule to strike from the answer all the averments relating to this alleged breach of complainant's covenants. It

must be dealt with in the same manner as if there had been exceptions and a reference to a master for impertinence.

There are numerous cases to be found in our reports, but none of them are identical with the case in hand. It may therefore be desirable to refer to and ascertain the principle on which they are based.

Where property has been conveyed by deed containing covenants of warranty and against encumbrances, and a mortgage is given by the grantee to the grantor to secure the whole or a part of the purchase-money, it has been decided that on a foreclosure the mortgagor is entitled to a deduction for prior mortgages (*Shannon* v. *Marselis, Sax. 413 ; Van Riper* v. *Williams, 1 Gr. Ch. 408 ; Woodruff* v. *Depue, 1 McCart. 169 ; Sliger* v. *Bacon, 2 Stew. Eq. 442*), for prior taxes (*Union National Bank of Rahway* v. *Pinner, 10 C. E. Gr. 495*), for prior assessments (*White* v. *Stretch, 7 C. E. Gr. 76*), and for prior judgments (*Dayton* v. *Dusenbury, 10 C. E. Gr. 110*).

It has also been decided that where there has been an eviction by title paramount, the court will compel the mortgagee to submit in some form to an ascertainment of the damage arising from the existing breach of covenant, and will reduce to that extent the amount of his claim. *Coster* v. *Monroe Manufacturing Co., 1 Gr. Ch. 467 ; Jaques* v. *Esler, 3 Gr. Ch. 461.* So it will reduce the amount of his claim if the vendee has been defrauded (*O'Brien* v. *Hulfish, 7 C. E. Gr. 471*), or has by mistake obtained less land than he bargained for (*Couse* v. *Boyles, 3 Gr. Ch. 213*). Again, it will arrest the foreclosure pending an action brought to try the title of an adverse claimant, but it will not arrest the foreclosure suit or direct an inquiry on a mere *allegation* of such title, there being no action pending to enforce it. *Van Waggoner* v. *McEwen, 1 Gr. 412 ; Glenn* v. *Whipple, 1 Beas. 50 ; Price's Executors* v. *Lawton, 12 C. E. Gr. 325, 1 Stew. Eq. 274 ; Hile* v. *Davison, 5 C. E. Gr. 228.*

An easement is an encumbrance within the meaning of the covenant against encumbrances. *Rawle Cov. Tit. (1st ed.) 115.* As the easement set up in the answer existed at the time of the

conveyance by complainant to defendants, the covenant in defendants' deed was broken as soon as made, and the breach was of such a nature as to give rise to substantial damages. The question in dispute is, therefore, whether, under the principle to be extracted from the above-mentioned decisions, the defendants are entitled in this suit to have their damages ascertained and deducted from the amount of the mortgage.

Now what is the principle? Complainant's counsel contends that it is that the court will allow the offset only where the amount of the lien or encumbrance is certain, or, as he says, can be rendered certain, and not where the damages are unliquidated. This cannot be so, for it is opposed to all those cases which, like *Coster* v. *Monroe Manufacturing Co.*, *supra*, hold that where there is an eviction by title paramount, the court will compel the mortgagee to submit in some form to an ascertainment of the damages. It is opposed to cases like *Couse* v. *Boyles*, *supra*, where there was a mistake in estimating the number of acres, and to cases like *O'Brien* v. *Hulfish*, *supra*, where there was a claim of fraud. In this latter case Chief-Justice Beasley, speaking for the court of appeals, says : " I think there is no doubt that where a sale of real property is effected by deceit and a mortgage given for the whole or a part of the purchase-money, relief in equity will be given to the party defrauded *in a suit on the mortgage*, whenever such course is necessary to reach a just result."

These cases seem to me to demonstrate that where a purchase-money mortgage is being foreclosed, the defendant is not debarred from claiming a reduction merely because his claim is, at the time he makes it, unliquidated.

Then counsel suggests a distinction between liens which may be wiped out by tendering a definite sum of money and outstanding titles or encumbrances which in their nature are permanent and which, he says, it is not in the power of the mortgagee to wipe out by simply tendering the amount due. A rule based on such a distinction is equally irreconcilable with the cases to which I have just referred.

Why does the court allow a reduction or offset in foreclosure

cases? One reason is to prevent circuity of action. "There can be no good reason assigned," says Chancellor Vroom, in *Shannon* v. *Marselis, supra,* "why there should be this circuity, but a very good one why there should not, which is that the money might be lost to Carrick [the vendee in that case] altogether, he having no security but the covenant."

Another reason is that the mortgagee is, in these cases, equitably entitled to a part only of the amount appearing to be due on the face of his security.

I think that the true principle of decision goes at least to this extent: If the mortgagee foreclose a purchase-money mortgage against the mortgagor, and the mortgagor shows that the covenant against encumbrances has been broken in such manner as to give him a claim to substantial damages, he may reduce the mortgagee's demand to the extent of those damages.

The case of *Glenn* v. *Whipple, 1 Beas. 50,* was relied upon by complainant's counsel. In that case the defendant set up an outstanding dower right in the widow of the vendor-mortgagee, who had conveyed without his wife joining. Chancellor Williamson put his decision, as I understand it, upon the ground that there had been no eviction by title paramount and no action brought by the widow, and that consequently there was no breach of the covenant of *warranty.* It is well known that the covenant against encumbrances, unlike the covenant of warranty, is broken as soon as made. If the existence of an inchoate right of dower, which was all the right the wife had when the conveyance was executed, was a breach of the covenant against encumbrances (and if a breach, it would only have given rise to a claim for nominal damages, *Rawle Cov. Tit. 109, 114*), she was not, when the foreclosure suit was instituted, alleged to be claiming *that* right but the more complete right which vested in her at her husband's death. This right she had not sought to enforce by action. The decision was therefore strictly in accordance with the previous cases.

*Hamill* v. *Inventors' Manufacturing Co., 10 Dick. Ch. Rep. 649,* stands upon substantially the same ground as *Baudendistel* v. *Zabriskie's Executors, 5 Dick. Ch. Rep. 453.* In both of these

cases there was a covenant of warranty but no eviction or action pending. There was no covenant against encumbrances. In the latter case the claim that the deed, in substance, contained such a covenant was denied by the court of appeals. The chief-justice, in stating the rule on this subject, there says : " When a grantor has stipulated that there are no encumbrances upon the premises conveyed, such covenant, if infringed at all, is violated by the act of conveyance, and it is the established practice of our courts to compel the mortgagee who seeks to foreclose for the purchase-money to submit in some form to an ascertainment of the damage that must necessarily arise from the existing breach of his covenant, and to reduce to that extent the claim pressed by him."

I think, therefore, that the defendants have set up a defence, and that this defence is the proper subject of answer and not of cross-bill (*White* v. *Stretch*, *7 C. E. Gr. 76*), unless they intend to rely upon fraud. If they do, a cross-bill or answer by way of cross-bill is necessary. *O'Brien* v. *Hulfish, 7 C. E. Gr. 471.*

The application is denied, with costs.