SOPHIE ZELMAN et al.

*v.*

HENRYETTE KAUFHERR.

[Decided August 6th, 1909.]

1. A doubt about a title to render it not marketable must be a rational doubt, or real and not fanciful.

2. An action at law for damages for breach of a restrictive building covenant can only be brought against the person by whom broken, and not against a subsequent grantee.

3. An application for a mandatory injunction to protect a restrictive building covenant must be promptly made.

4. To warrant a mandatory injunction to protect a restrictive building covenant, the common scheme of building must have been actually preserved.

5. Adjoining owners who not only stood by while a building was erected in violation of a restrictive building covenant, but have themselves violated such covenant, are not in a position to complain.

*Mr. Adrian Riker,* for the complainants.

*Mr. Samuel F. Leber,* for the defendant.

STEVENS, V. C.

This is a suit for specific performance of a contract to purchase real estate in Newark. The only defence made is that in the deed from Emily Martin, the complainants' grantor, to the complainant, there is a restriction "that dwellings are the only buildings to be erected on the front portion of said lots  *  *  * and shall be kept back ten feet from the street line." The aver-

ment of the answer is that the complainant erected buildings six feet from the street line and that it would, therefore, be hazardous for her to accept a conveyance.

It is not averred in the answer that Mrs. Martin owns any other land in the neighborhood for the benefit of which the restriction was imposed, or that she is herself under any obligation to her grantor to see to it that no building is erected within the prohibited space. It would seem, therefore, that the answer fails to show that the erection of the buildings within the ten feet line has caused any substantial injury to Mrs. Martin.

The evidence, however, took a somewhat wider range and I will discuss the case from the wider standpoint.

It appears that in 1887 Kate B. Carter purchased a tract of land having a frontage on Hillside avenue of about two hundred and eighty-five feet and a depth of two hundred and sixty feet. She conveyed lots on Hillside avenue, out of this tract, to different grantees, and in the several conveyances imposed, among others, the restriction above mentioned. In every instance of a conveyance of lots on Hillside avenue this restriction has been violated. All the lots have been built upon, and some part of each building is three or more feet over the line. The complainant's buildings are four feet and a fraction over it. All the buildings have been put up at least two years ago and some of them longer. The complainant erected hers two years and a half ago. If, therefore, Mrs. Carter had a general building scheme it has been disregarded, and, as far as appears, without objection on her part.

The question is whether under these circumstances the complainant is able to give a marketable title, that is, a title that will not expose the purchaser to the hazards of a litigation in regard to it. *Lippincott* v. *Wikoff, 54 N. J. Eq. (9 Dick.) 107; Fahy* v. *Cavanagh, 59 N. J. Eq. (14 Dick.) 278; Barger* v. *Gery, 64 N. J. Eq. (19 Dick.) 263.* The doubt about the title must be a rational doubt (*Barger* v. *Gery, supra*), or, as it has been otherwise characterized, "real, and not fanciful." *Methodist Episcopal Church* v. *Roberson, 68 N. J. Eq. (2 Robb.) 433.* There must, it is said, be some debatable grounds on which the objection to the title can be justified. *Vreeland* v. *Blauvelt, 23*

*N. J. Eq.* (*8 C. E. Gr.*) *483.* Thus tested it would seem to be without substance. There is no doubtful question of law or fact present. The only conceivable litigation would be either an action at law for damages or a bill for mandatory injunction. The action at law could only be brought against complainant, for it was she, and she only, who broke the covenant. On a bill for mandatory injunction to protect restrictive building covenants, courts of equity have laid down two rules and applied them with much strictness: (1) the application must be promptly made (*Lippincott* v. *Wikoff, supra; Leaver* v. *Gorman, 67 Atl. Rep. 111; Sayers* v. *Collyer, 28 Ch. Div. 103*) ; (2) the common scheme of building must have been actually preserved. *Peek* ·v. *Matthews, L. R. 3 Eq. 515; Ocean City Assn.* v. *Headley, 62 N. J. Eq.* (*17 Dick.*) *322.* Mrs. Carter would be met by both of these objections should she file a bill and, as far as I can see, they would be unanswerable. The case differs in an important particular from *Fahy* v. *Cavanagh, supra,* where Vice-Chancellor Pitney refused relief on the ground that the proof of a fact material to complainant's title, viz., the execution of a will defectively witnessed might be made difficult, if not impossible, by lapse of time. Here lapse of time would only make it still more difficult for Mrs. Carter to succeed. And if *she* could not succeed the case of the adjoining property owners is still more hopeless. Not only have they stood by while complainant was building, but they have themselves violated the same covenant. *Sutcliffe* v. *Eisele, 62 N. J. Eq.* (*17 Dick.*) *222.*

I think, therefore, that the possibility of injury is so remote that it does not afford any just ground for refusing to perform the agreement.