No. 872

SHEAFER et v. POSCHKE et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7460. Decided June 21, 1926.

First Publication of this Opinion.

Judges Roberts and Farr, 7th Dist., sitting.

198a. BUILDING RESTRICTIONS.—701. Laches.—One who stands by, for period of years, without complaining, will not, thereafter, be heard.

Gordon & Gordon, Cleveland, for Sheafer.

L. Z. Tanney and Joseph Lustig, Cleveland, for Poschke et.

FARR, J.

The action below was brought by Bertha Sheafer, et al. to enjoin Otto Poschke, et al. from placing an additional structure on their lots, at the extreme eastern part of the Edgewater Land Company's Subdivision No. 1, and. from using the property for business purposes. It is claimed that the present use, for the sale of soft drinks, sandwiches, ice cream, etc., is a violation of certain restrictions, contained in the deeds of both parties.

It is conceded that defendants have conducted this business for some fourteen years without any objection on part of the plaintiffs or other parties in interest; and it is also disclosed that these restrictions will cease to be binding on Jan. 1, 1927. It is contended that the complainants cannot now object to this contemplated addition for the reason that they are estopped by reason of their delay in making the complaint, and that the character of the structure is not such as will violate the restrictions in question.

The court below found for the defendants and the petition was dismissed.

"Where complainant stands by and sees the erection of a building in violation of a restrictive covenant, he will not, thereafter, be heard to complain of the violation." Zelman v. Kaufherr, 73 Atl. 1048.

The complainants, after having waited fourteen years, are not entitled to equitable relief, inasmuch as the period for which the restrictions were in force expires Jan. 1, 1927.

It is also doubted whether or not the main-

tenance of this refreshment stand is at all against public policy, for the reason that, in this day of motor transportation, such places are essential to the comfort and convenience of the traveling public.

(Roberts, PJ., concurs.)