In the absence of fraud or mistake defenses of this nature are wholly dependent upon the covenants contained in the deed of conveyance. When the deed from complainant to defendant contains a covenant against encumbrances the mortgagor will be entitled to a deduction for prior encumbrances. This is because in such circumstances that covenant may be deemed already broken when made and this court may appropriately determine an issue of that nature. When the deed contains a covenant of title this court will not undertake to adjudicate an issue of title to determine whether the covenant has been broken, but will leave that issue for the courts of law. This is because the primary jurisdiction for adjudication of legal title rests in courts of law. If there has been an ouster under a paramount title the covenant of title may be deemed broken and relief may be awarded; otherwise the utmost relief this court will grant in such circumstances is to stay the foreclosure pending an action at law. When the deed contains no covenants no relief will be awarded. This is because in buying without covenants the doctrine of caveat emptor must apply, and *Page 55 
the deed is to be regarded as the final expression and measure of the engagements of the respective parties. These views will be found to be adequately supported in the cases cited in Kuhnen
v. Parker, 56 N.J. Eq. 286, and Hawthorne v. Odenson,94 N.J. Eq. 588, to which should be added Rathewicz v. Kara,89 N.J. Eq. 203.
It follows that since the affirmative defenses disclose neither fraud nor mutual mistake nor covenants of title nor covenants against encumbrances, complainant's motion must prevail.