Specific performance by a vendor against vendee. In 1892 one DeWitt, then owner of thirteen acres, plotted the tract into building lots, some of which face on Douglass road, Glen Ridge, and imposed a restriction confining structures to residences, and that they should set back from the street fifty feet. The covenant was incorporated in the deed of the common grantor for all lots fronting on Douglass road, and the owners have abided by its terms with the exception of the original purchaser of the lot here involved. In 1895 he built a house on his lot which extends three feet over the fifty-foot line. DeWitt, who plotted the land and exacted the covenant, was the contractor and he was responsible for the location of the house. (A later owner in the chain of title substituted a modification of the covenant, to the effect that the house to be erected on the lot should set back from the street in line with adjoining houses. They were all set back *Page 87 
fifty feet. The contract of sale provides that the conveyance is to be subject to the restriction in the modified form. The restriction, as modified, is therefore not involved in this suit). The vendee now refuses to carry out her bargain, claiming that the title is not free from encumbrances, as agreed, because of the infraction of the covenant. She invokes the rule that where the question of the validity of a title sought to be imposed upon a vendee is reasonably debatable in point of law or fact, specific performance will be denied. Smith v. Reidy,92 N.J. Eq. 586. That is common practice, but it is not apposite in the circumstances. The house has stood as it now stands for thirty-two years without protest or criticism. The vendee admits the title to be good in law but contends that the breach of the covenant affects its marketability. The validity of the title is the only criterion of marketability recognized by the courts. There can be no reasonable apprehension of future litigation, and this the defendant concedes. A suit at law against the vendee, if she takes title, for a breach of the covenant, is out of the question; that could be maintained only against the former owner who breached the covenant (Zelman v. Kaufherr, 76 N.J. Eq. 52), and surely a bill for a mandatory injunction would not be entertained by this court, for such complaint must be promptly presented. Lippencott v. Wikoff, 54 N.J. Eq. 107. In theZelman Case Vice-Chancellor Stevens ordered a vendee to perform where the house erected on the premises in vioaltion of a covenant not to build within a certain distance of the street had stood but two and a half years, holding that a suit could not be maintained at law against the vendee, and that in equity relief would be denied because of laches. The remote possibility of an idle and vain suit is not within the category of being "exposed to the hazard of litigation," a defense sometimes accorded to vendees in suits for specific performance. Smith v. Reidy,supra.
 Decree for vendor. *Page 88