This bill is filed to foreclose a purchase-money mortgage. The defendants filed an answer setting up an encumbrance on the lands conveyed by the mortgage by reason of a violated building restriction, and a counter-claim alleging misrepresentation and fraud on the part of the complainant with respect to the encumbrance, thereby seeking an abatement in the amount due on the mortgage. At the hearing the charges of misrepresentation and fraud were withdrawn and abandoned.
The mortgaged premises were conveyed to the defendants by the complainant by deed dated November 20th, 1924, executed and delivered pursuant to a written contract between the parties dated October 18th, 1924. Both the agreement of sale and the deed contained this clause:
"Subject to the restriction contained in the above-mentioned deed," *Page 527 
which restriction, it is agreed, was as follows:
"That no * * * house or other building shall be erected * * * nearer to * * * Claremont avenue than fifty feet.
The deed also contained the usual covenants of title and against encumbrances. The defendants are now in possession and have been in possession of the mortgaged premises since the delivery of the deed. The mortgage, which is the subject of this suit, bears the same date as the deed and was given to secure a part of the purchase price of the lands conveyed, and provided for installment payments of $500 each at stated periods. Three of these installments have been paid, leaving a balance of $6,000 of principal unpaid.
At the time of the conveyance there was a house erected on the premises, the front porch of which extended into the restricted area for a distance of approximately twelve feet. It is agreed that the house and porch have now been in their present location for at least eighteen years and no suit or other proceeding, either at law or in equity, is pending to contest the right of the defendants to so maintain them. Defendants contend that they knew nothing of the violation of this restriction until December 5th, 1927, which was sometime after the mortgage was in default. The complainant claims that she did not know of it until defendants brought it to her attention after payment of the mortgage was demanded. Neither claim is disputed.
That such a restrictive covenant as that here involved is an encumbrance cannot be doubted. 20 C.J. 1250; Winslow v.Newcomb, 87 N.J. Eq. 480; Roberts v. Levy, 3 Abb. Pr. (newser.) 311, 316; Wetmore v. Bruce, 118 N.Y. 319;23 N.E. Rep. 303; Nathan v. Morris, 62 Hun (N.Y.) 452; 17 N.Y. Supp. 13;Peabody Heights Co. v. Willson, 82 Md. 186; 32 Atl. Rep. 386,1077; 36 L.R.A. 393; Batley v. Foerderer, 162 Pa. St. 460;29 Atl. Rep. 868. Where a deed conveying a lot thus encumbered contains the usual covenants against encumbrances the covenant is breached the instant the deed is executed. Roberts v. Levy,supra; Hasselbusch v. Mohmking, 76 N.J. Law 691; Smith v.Smith, 90 N.J. Law 282. *Page 528 
It should be noted, however, that both the sale and conveyance of the property here involved were expressly subject to the building restriction, and it is conceded that no representation as to the location of the building with respect to the restricted area was made by the vendor, who is now the complainant here, at any time, and that there was no fraud or concealment. In the absence of legal or equitable fraud, and in the absence of actual or constructive eviction, on foreclosure of a purchase-money mortgage the mortgagor will be left to his remedy at law for breach of covenant of title or against encumbrances, and will not be permitted to set up such defense in abatement of the amount due on his mortgage. In 19 R.C.L. tit. "Mortgages" 543 § 348, the rule is stated thus:
"It is well settled, however, that a purchaser of land who has gone into possession and accepted a deed cannot, in the absence of fraud or mistake, and in the absence of eviction or something equivalent thereto, set up a failure or defect of title as a defense to the foreclosure of a mortgage given for the purchase money. He must resort to his convenants."
See, also, note to 21 L.R.A. 324; Ratkewicz v. Kara, 89 N.J. Eq. 203; Hawthorne v. Odenson, 94 N.J. Eq. 588. In Ratkewicz
v. Kara, Mr. Justice Kalisch, speaking for the court of errors and appeals, said:
"Even a defective title is no defense to the foreclosure of a purchase-money mortgage or ground for abatement of price in the absence of fraud or eviction. Hulfish v. O'Brien, 20 N.J. Eq. 230;
affirmed by this court in 22 N.J. Eq. 471. An outstanding title or encumbrance is no defense without actual or constructive eviction. Glenn v. Whipple, 12 N.J. Eq. 50."
In Hawthorne v. Odenson, supra, Vice-Chancellor Leaming said:
"The general rule appears to be that in the absence of fraud, when a sale of real estate has been consummated by the execution and delivery of a deed of conveyance, the purchaser's measure of protection in matters of title to the land is found in the covenants which he exacts from his vendor, and such covenants are not to be deemed as broken until eviction." *Page 529 
The insufficiency of the defense here interposed is quite apparent, also, from the improbability of equitable interference by injunction, and the fact that the defendants are not liable in damages for the violation of the restrictive covenant pleaded as a defense. Zelman v. Kaufherr, 76 N.J. Eq. 52; Salter v.Beatty, 101 N.J. Eq. 86. The restrictive covenant was not broken by them but by their predecessors in title.
I will advise a decree for the complainant for the full amount due on the mortgage as indicated by the calculations made at the hearing.