The suit is for foreclosure of a purchase-money mortgage covering lands in Monmouth county. The answer set up by way of counter-claim that the deed from complainant to defendants contained a covenant against encumbrances, and that at the time of the conveyance the premises were encumbered *Page 118 
by a private right of way running from Oceanic avenue to the North Shrewsbury river, which, as stated by the vice-chancellor, "overlaps the defendants' lot about six feet at the [west] front and gradually widens to over twenty feet at the rear," and the easterly line of which cuts through the house and garage which were standing on the property when defendants purchased. The deed from complainant to defendants includes "the use in common with others" of a passageway on the west side of the premises in question but there is no intimation in that deed that such passageway encroaches on the premises conveyed. In the prior deed under which the complainant took title to a larger tract, including the mortgaged premises, the conveyance was made
"Subject, however, to a right of way to the North Shrewsbury river granted by Ehrick Parmly and latterly by Dalton Parmly and Lillian E. Parmly to various parties who have as a rule purchased land or lots from the said Ehrick, Dalton and Lillian E. Parmly."
The state of the case contains abstracts of some eight of those deeds, all of which contain the clause:
"Together with the right of way to the North Shrewsbury river, on land of the party of the first part, as located on map entitled `Map of Waterway, made by George D. Cooper, C.E., on the 30th day of August, 1901,' filed September 16th, 1901, in the office of the clerk of Monmouth county." A copy of part of the map, including the locus in quo, is annexed to the case; and it is admitted that the private way shown on that map embraces a large part of the mortgaged premises.
The learned vice-chancellor advised a decree for the full amount of principal and interest on the mortgage, overruling the defense of breach of covenant against encumbrances, on the ground that "on the foreclosure of a purchase-money mortgage, in the absence of fraud or actual or constructive eviction, the mortgagor will not be permitted to set up a breach of covenant of title or against encumbrances in abatement of the amount due, but will be left to his remedy at law by action on the covenant." *Page 119 
The question of breach of covenant of title is not presented here, and therefore needs no particular consideration. As to the breach of the covenant against encumbrances, which is clearly shown and is therefore before us, we conclude that the court below was in error in refusing to consider the claim of damages for breach of that covenant in reduction of the amount due on the mortgage. A mortgagor's claim for breach of covenant against encumbrances, set up in a foreclosure of the purchase-money mortgage, seems to stand in a class by itself, and is to be carefully distinguished from cases in which there was no covenant at all (Security Trust, c., Bank v. Reed, 101 N.J. Eq. 53) or covenants of warranty, and eviction not shown (Price's Ex'rs
v. Lawton, 27 N.J. Eq. 325; 28 N.J. Eq. 274; Mortgage andInvestment Co. v. Romel Realty Co., 106 N.J. Eq. 185), cases of fraud (Curtiss-Warner Co. v. Thirkettle, 99 N.J. Eq. 806;101 N.J. Eq. 279), and cases of mere failure of title such asHawthorne v. Odenson, 94 N.J. Eq. 588. In this last case the opinion of Vice-Chancellor Leaming contains an illuminating discussion of the whole subject. In Security Trust Co. v.Reed, supra, already cited, the same vice-chancellor again laid down the rules applicable to the several situations, and the reasons for them, in a case where a mortgagor who held by a deed containing no covenants, sought a reduction of the mortgage debt in foreclosure because of prior mortgages, and also for a partial failure of title. His language is as follows:
"In the absence of fraud or mistake, defenses of this nature are wholly dependable upon the covenants contained in the deed of conveyance. When the deed from complainant to defendant contains a covenant against encumbrances the mortgagor will be entitled to a deduction for prior encumbrances. This is because in such circumstances that covenant may be deemed already broken when made and this court may appropriately determine an issue of that nature. When the deed contains a covenant of title, this court will not undertake to adjudicate an issue of title to determine whether the covenant has been broken, but will leave that issue for the courts *Page 120 
of law. This is because the primary jurisdiction for adjudication of legal title rests in courts of law. If there has been an ouster under a paramount title, the covenant of title may be deemed broken, and relief may be awarded; otherwise the utmost relief this court will grant in such circumstances is to stay the foreclosure pending an action at law. When the deed contains no covenants, no relief will be awarded. This is because, in buying without covenants, the doctrine of caveat emptor must apply, and the deed is to be regarded as the final expression and measure of the engagements of the respective parties."
The cases fully support the views thus expressed.
Referring particularly to the situation now before us, we find that in White v. Stretch, 22 N.J. Eq. 76, there was a covenant against encumbrances, and on foreclosure of a purchase-money mortgage, the court of chancery deducted unpaid assessments covered by the covenant. In Dayton v. Dusenbury,25 N.J. Eq. 110, there were judgments exceeding the amount of the mortgage, and foreclosure was therefore stayed until those judgments should be paid. In Union National Bank v. Pinner,25 N.J. Eq. 495, unpaid taxes were deducted as against the assignee of a purchase-money mortgage. These cases are precisely in point unless a distinction is to be made between money liens and easements or restrictive covenants, and it seems clear that all these are to be classed as "encumbrances." An easement of light was so regarded in Denman v. Mentz, 63 N.J. Eq. 613 (at p.616). A restrictive covenant against building was so regarded inMills v. Brunetto, 103 N.J. Eq. 526, a decision by Vice-Chancellor Berry cited in his unreported memorandum in the present case. In Kuhnen v. Parker, 56 N.J. Eq. 286, the late Vice-Chancellor Stevens, one of our ablest equity judges, held the easement of a pipe line to be an encumbrance violating the covenant, and refused to overrule an answer setting up the covenant and the easement in a suit to foreclose a purchase-money mortgage, and claiming the ascertainment and deduction of damages by reason of the violated covenant. The case of O'Brien *Page 121 
v. Hulfish, 22 N.J. Eq. 471, relied on herein by the court below, is in nowise to the contrary, as it related to a failure of title — a very different matter, and not within the covenant against encumbrances, but rather assignable to a breach of warranty; and moreover there were allegations of fraud, and in the end the decision turned on a matter of pleading. The opinion was in this court by the late Mr. Chief Justice Beasley, who twenty years later in Baudendistel v. Zabriskie's Ex'rs,50 N.J. Eq. 453, 455, said: "When a grantor has stipulated that there are no encumbrances upon the premises conveyed, such covenant, if infringed at all, is violated by the act of conveyance, and it is the established practice of our courts to compel the mortgagee who seeks to foreclose for the purchase-money, to submit, in some form, to an ascertainment of the damage that must necessarily arise from the existing breach of his covenant, and reduce to that extent the claim pressed by him." It is true that these remarks were to some extent obiter;
but they are fully supported by the decisions, and are entirely opposite to the decision in that case, which was, that the mortgagor was not entitled in the foreclosure suit to a deduction from the mortgage to secure purchase-money, because the deed contained no covenant against encumbrances. The case before us presents the situation of a deed from respondent to the appellants in the form usual for warranty deeds in this state, and containing a covenant "that the said land and premises, or any part thereof, at the time of the sealing and delivery of these presents, are not encumbered by any mortgage, judgment, or limitation, or by any encumbrance whatsoever, by which the title of the said party of the second part, hereby made or intended to be made, for the above-described land and premises, can or may be changed, charged, altered or defeated in any way whatsoever; except as aforesaid." The exception obviously refers to a restriction for residential use; in any event, there is nothing in the deed subjecting the property to an easement of way. That such an easement is an encumbrance within the meaning of the covenant, we have no doubt; that it existed at the time of *Page 122 
the deed and of the foreclosure, is conclusively shown; that it gives rise to damage, is undeniable. Consequently the mortgagors are entitled to have the amount of damage ascertained, and deducted from the mortgage in this suit, if less than the amount of such mortgage, or if more, to stay the suit until the encumbrance be removed or the damage paid. Dayton v.Dusenbury, supra.
There may be a technical question of pleading, as to whether the claim for deduction may be set up as a counter-claim, as it is in this case, or should be pleaded by way of answer, as Vice-Chancellor Stevens held in Kuhnen v. Parker, supra. InO'Brien v. Hulfish, supra, the decree was affirmed on technical grounds for want of a cross bill, but without prejudice to readjustment of the chancery record to reach the merits of the case. In the present litigation the vice-chancellor, properly in view of liberalizing changes in the practice, dealt with the claim of damages on its merits as though properly presented by counter-claim, and we have done the same. The decree will be reversed and the cause remanded for an ascertainment of the damage arising from the breach of covenant, to be applied against the mortgage debt in this cause, according to the views above expressed; such ascertainment to be had pursuant to the practice of the court of chancery.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15. *Page 123