WINIFRED HOLT ACKERMAN and FLORENCE HOLT WITTPENN. executrices of the estate of Della R. Holt, deceased, complainants-respondents,

*v.*

JAMES B. DAVIDSON, JOHN W. DAVIDSON and WALTER R. DAVIDSON. defendants-appellants.

[Submitted February term, 1939. Decided April 21st, 1939.]

*Messrs. Sandmeyer & Meisner,* for the complainants-respondents.

*Messrs. Braelow & Tepper,* for the defendants-appellants.

PER CURIAM.

This is an appeal from an interlocutory order of the court of chancery, striking out paragraph 19 of the answer and giving leave to the defendants within twenty days to file in lieu thereof an amended answer and counter-claim.

The bill of complaint was filed to foreclose two purchase-money mortgages.

The answer set up in paragraph 19 that the defendants gave the mortgages to one Wilbur E. Holt in part payment of the purchase price of the mortgaged premises conveyed to them by him and that they were induced to accept said conveyances and to execute said mortgages through the fraud of said Wilbur E. Holt, in that he, acting through his agent,

Sidney Smith, willfully and fraudulently represented to the defendants before the execution of said conveyances and mortgages, that certain vacant land adjoining said premises, being a strip of land of approximately twenty-five feet in width, was an open public highway and street, and that the premises mentioned in the bill of complaint each had an easement and right of way of egress and ingress over the said adjoining strip of land, which representations were known to the said Wilbur E. Holt to be false and were made to induce the defendants to purchase said lands and to execute said mortgages; whereas the said representations were false in that the strip of land was not in fact an open public highway and street, but on the contrary was privately owned, and the said premises did not have an easement and right of way of egress and ingress over the said adjoining strip of land; and defendants, relying upon such misrepresentations, accepted the said conveyances and executed the said purchase-money mortgages.

The learned vice-chancellor, on motion made and affidavits submitted to strike this part of the answer, held that while he had no doubt that the defense of fraud in the inception of a purchase-money mortgage was a proper defense in a suit to foreclose the mortgage, yet he was of the opinion that the defense should be set up by way of counter-claim rather than by answer. Citing *Kuhnen* v. *Parker, 56 N. J. Eq. 286; 38 Atl. Rep. 641,* and *Emery* v. *Hansen, 107 N. J. Eq. 117.*

The vice-chancellor, however, said that if the case were before the court on final hearing the defense of fraud pleaded by way of answer would be considered, but that as the matter was before the court on a preliminary motion addressed to the answer itself, he thought that the portion of the answer setting up the defense of fraud should be stricken with leave to the defendants to amend by attaching to the answer a counter-claim including this defense. An order was made accordingly, and this appeal is from such order.

The question is one of practice, concerning which there seems to be some conflict in the earlier cases.

*Dayton* v. *Melick, 27 N. J. Eq. 362; 32 N. J. Eq. 570; Melick* v. *Dayton, 34 N. J. Eq. 245,* and *McMichael* v. *Webster, 57 N. J. Eq. 295; 41 Atl. Rep. 714,* seem to hold that

388

the issue of fraud of the type here involved might be raised by way of answer.

On the other hand, this court held in *O'Brien* v. *Hulfish, 22 N. J. Eq. 471,* followed in *Parker* v. *Hartt, 32 N. J. Eq. 225,* and *Mortgage and Investment Company of New Jersey* v. *Romal Really Co., 106 N. J. Eq. 185,* that such fraud, when the vendee is not in a position to rescind, may not be asserted as a matter of practice, by way of answer, but must be set up by cross-bill, or under our present practice, by counter-claim.

In the instant case the alleged fraud in the consideration of the mortgages does not go to the extent of a complete nullification of the instruments and does not entitle the defendants to a judgment of dismissal. The defendants are not offering the land back; in fact they sold it. They have not had a total loss.

The defendants, as they are not in a situation to rescind the contract, must seek to have their damages assessed, and such other relief as the circumstances may require; and this would not be interposing a mere defense to the complainants' demand of the money, but would be asking affirmative relief, which in accordance with the strict rules of equity practice can be obtained only by means of an original or cross-bill. *O'Brien* v. *Hulfish, supra.*

Our examination of the record and the cases convinces us that under the circumstances of this case the court below was right in striking the nineteenth paragraph from the answer and allowing the defendants to set up their defense of fraud by counter-claim.

The order under review is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR. WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.