18 N.J. Super. 241 (1952)
86 A.2d 827
FRED A. GRAVINO, PLAINTIFF,
v.
BART GRALIA AND ESTELLE GRALIA, HIS WIFE, JOHN KURMIS, AUGUSTINA KURMIS, JOSEPH MALINAUSKAS AND ANN MALINAUSKAS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 27, 1952.
*243 Mr. Fred A. Gravino, attorney pro se.
Mr. Walter S. Hunter for defendants Bart Gralia and Estelle Gralia.
Mr. Joseph Mennite for defendants John Kurmis and Augustina Kurmis.
Mr. Horace G. Brown for defendants Joseph Malinauskas and Anna Malinauskas.
HANEMAN, J.S.C.
The plaintiff herein has filed a complaint in the nature of an interpleader, alleging the following facts:
The defendants Gralia entered into an agreement with the defendants Kurmis and Malinauskas for the sale to the latter of a certain parcel of real estate situate in the Borough of National Park, County of Gloucester and State of New *244 Jersey. Under the terms of said agreement there was deposited with the plaintiff the sum of $3,400 in escrow, to be paid to the Gralias upon final settlement and closing. On the date set for final settlement the defendants Kurmis and Malinauskas presented themselves at the appointed place and tendered the balance of the purchase price. However, they refused to accept title, since the Commonwealth Title Company of Philadelphia, Pa., would not insure the title as marketable and free and clear of all encumbrances, and since the title was not so marketable and free and clear of all encumbrances as was required by the agreement of sale.
The agreement of sale provided as follows:
"4. Title to be delivered for the property shall be marketable title and such as will be insured by a reputable title company at regular rates and shall be free and clear of all encumbrances."
It is admitted by all parties hereto that the property was subject to two sets of restrictive covenants contained in deeds (1) of John D. Phillips to National Park Association, and (2) of National Park Association to Clement L. Burtnett, both of which deeds are in the Gralia chain of title. Without reciting the express terms of the restrictive covenants in detail, a brief summary thereof will suffice for present purposes. They provide: (1) a prohibition against the use of the property for certain specified purposes, (2) set-back restrictions, (3) that the property shall be subject to a tax or assessment to carry out future sanitary requirements, (4) a prohibition against any business being conducted on Sunday, and (5) that the property shall be under and subject to whatever express conditions, restrictions and regulations "may hereafter from time to time be made by the said party of the first part hereto, for carrying out and enforcing the above conditions and restrictions, and the rules and regulations necessary to insure the original intention and purpose of the party of the first part in founding and maintaining a Christian resort."
*245 The defendants Gralia seek to obtain the funds held by plaintiff as a forfeit under their agreement of sale, alleging a breach by the other defendants for failure to pay the balance of the purchase price at the time provided in said agreement, and defendants Kurmis and Malinauskas seek to obtain said funds, alleging a breach of the agreement by the Gralias for failure to deliver title in accordance with said agreement.
The primary question is, therefore, whether the defendants Kurmis and Malinauskas were within their rights in rejecting the proffered deed.
The agreement called for a title which should be "marketable" and "free and clear of all encumbrances."
Marketable means saleable. Bier v. Walbaum, 102 N.J.L. 368 (E. & A. 1925).
An encumbrance has been defined and held to be any right or interest in an estate that impairs the use or transfer of property, constitutes a burden on the property, or depreciates its value. A restrictive covenant is an encumbrance. Minez v. Kromocolor, Inc., 125 N.J. Eq. 439 (Ch. 1937); Mills v. Brunetto, 103 N.J. Eq. 526 (Ch. 1928); Vassar Holding Co. v. Wuensch, 100 N.J. Eq. 147 (Ch. 1926); Grivakis v. Topf, 105 N.J.L. 632 (E. & A. 1929); Winslow v. Newcomb, 87 N.J. Eq. 480 (Ch. 1917); Emery v. Hansen, 107 N.J. Eq. 117 (E. & A. 1930).
A provision in an agreement of sale for a "marketable title free and clear of all encumbrances" requires the grantor to deliver to the grantee a title of which no reasonable doubt exists. A reasonable doubt is such as would interfere with its sale to a reasonable purchaser and thus render the title unmarketable. The doubt affecting a title must be reasonable and the feared contingency must be fairly probable. It must appear that an anticipated attack on the title will have some reasonable chance of success. Casriel v. King, 141 N.J. Eq. 515 (Ch. 1948); Simpson v. Klipstein, 89 N.J. Eq. 543 (E. & A. 1918); Hoffman v. Perkins, 3 N.J. Super. 474 (Ch. Div. 1949).
*246 Applying the above rules to the matter sub judice, it becomes apparent that the Gralias were not conveying a "marketable title * * * free and clear of all encumbrances."
The attempt of the Gralias to show an abandonment of the restrictive covenants fell short of the required proof. Even though it be conceded merely for the sake of this opinion, that the violation of the restriction against the sale of liquor and the operation of a business on Sunday had been such on the particular premises here involved as to estop any person from successfully enforcing this covenant against such sale and business, there was no proof of the abandonment of the other restrictive covenants. It is not, however, here determined that an abandonment was even legally proved as to the liquor sale and Sunday business provision. Sanford v. Keer, 80 N.J. Eq. 240 (E. & A. 1912); Bowen v. Smith, 76 N.J. Eq. 456 (Ch. 1909); Hoffman v. Perkins, supra.
Both sets of defendant claimants have argued the effect of the willingness of the Market Street Title Abstract Company to insure against these restrictive covenants and the unwillingness of the Commonwealth Title Company of Philadelphia and the West Jersey Title Guarantee Company to so insure. The asserted willingness or lack thereof is, in view of the foregoing, of no moment. The effectiveness of the restrictive covenants is such as should be proven in open court and not what some third person may conceive it to be, by reason of information or proof not adduced in open court. In addition, the agreement here in question provided that the title was to be such as would meet two requirements, (1) "marketable" and "free and clear of all encumbrances." and (2) "insured by a reputable title company at regular rates." Having failed to meet the first requisite, it is unnecessary to determine whether the second was adequately met. This latter question becomes academic.
In view of the foregoing, it is unnecessary to consider the other objections of Kurmis and Malinauskas to the title.
*247 Judgment will therefore be entered directing the payment of the $3,400 to John Kurmis and Augustina Kurmis and to Joseph Malinauskas and Ann Malinauskas.
The defendants Kurmis and Malinauskas seek as well the recovery from the defendants Gralia of the admitted reasonable value of the survey and search in the sum of $125, and for attorneys' fees. The demand for judgment by the defendants Kurmis and Malinauskas for said value of the survey and search is granted, but that for attorneys' fees is disallowed. The failure of the Gralias to convey was occasioned by a defect in their title, unaccompanied by any fraud or deceit. Their liability is therefore limited to a recovery of the deposit money and interest, and the expense of examining the title and making the survey. R.S. 2:45-1; Rabinowitz v. Debow, 104 N.J.L. 62 (E. & A. 1927).
Judgment will be entered accordingly.