SARGENT & a., Adm'rs, v. SANBORN & a.

A party contesting a will is not, as matter of right, entitled to examine private papers of the testator in the hands of a special administrator, but permission to make such examination should be granted or refused as justice may require in the circumstances.

BILL IN EQUITY, by the special administrators of H. Sanborn, for instructions on the question whether it is their duty to comply with the request of C. H. Sanborn, a son of the testator, who has appealed from a probate decree allowing his will, for an opportu-

nity to examine the diaries kept by the testator, H. Sanborn, during the last seven years of his life. The reasons of appeal are insanity and undue influence. The executors under the will object to such examination. Facts agreed.

*H. G. Sargent*, for the plaintiffs.

*Bingham, Mitchell & Fletcher*, for C. H. Sanborn.

*Chase & Streeter*, for the executors.

DOE, C. J. A special administrator may be appointed when there is delay in determining the final grant of administration. " Such special administrator, under such directions and restrictions as may be inserted in his commission, shall return an inventory of the estate of the deceased, and take care of and preserve the property and effects of the deceased, and do all other acts which he may be directed to perform by the judge of probate or the supreme court." G. L., *c.* 195, *ss.* 18, 20. The question whether justice requires that an administrator or executor should allow persons contesting the will of the deceased to have an opportunity to examine his diaries or other private papers, may depend upon the contents of the papers and the use that could be made of them. There may be reasons for granting the appellant's request, and there may be reasons for denying it. Administrators, general or special, are not under an official obligation to comply with such requests without regard to the character of the writings or the circumstances of the case. The agreed facts do not show what the plaintiffs' duty is.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.