THE STATE, THE HARRINGTON TOWNSHIP ROAD COM-
MISSION, PLAINTIFF IN ERROR, v. ANDREW H. HAR-
ING, COLLECTOR OF HARRINGTON, DEFENDANT· IN
ERROR.

1. County roads within the control and supervision of the boards of
   chosen freeholders may be legislated for as a class, and may be ex-
   cepted from the operation of an act relating to ordinary township roads
   without rendering the latter act special.
2. A law framed in general terms is not specialized by the fact that it
   excepts another general law from its operation.
3. It must be presumed that the legislature intended to pass a valid law,
   and an admissible construction which supports the law must be adopted.
4. The act of March 12th, 1891 (*Pamph. L.; p.* 137), is constitutional.

On error to the Supreme Court. For opinion of the
Supreme Court, see 25 *Vroom* 274.

For the plaintiff in error, *Raymond P. Wortendyke.*

For the defendant in error, *Peter W. Stagg.*

The opinion of the court was delivered by

VAN SYCKEL, J. The question in this case is whether
the supplement to the "Act concerning roads," approved
March 12th, 1891 (*Pamph. L., p.* 137), is constitutional.

Its alleged infirmity is found in its tenth section, which
reads as follows : " That nothing in this act shall be con-
strued to repeal or in any wise affect the act constituting
' Essex Public Road Board,' approved March thirty-first, one
thousand eight hundred and sixty-nine, or any supplement
thereto, or any act amendatory thereof, or relating or applica-
ble thereto, or any act in relation to turnpike roads, or any
act which has been or may be passed to enable boards of
chosen freeholders to acquire, improve or maintain public
roads."

The point made is that the act is rendered special by

excepting the "Essex Public Road Board" from its operation.

The objection would be well taken if the Essex Public Road Board act had not been materially changed since it was originally passed.

In 1874 an act was passed, providing that no contract for the construction or macadamizing of any avenue or of any section thereof shall be made by the Essex public road board, unless a certified copy of the resolution of said board, providing for such construction or macadamizing, shall be submitted to, and such resolution shall be approved by, the board of chosen freeholders of the county of Essex. *Pamph. L.* 1874, *p.* 389.

On February 10th, 1881, an act was passed which places all public road boards under the control of the boards of chosen freeholders of the several counties of this state, and provides that the commissioners constituting any county public road board, which then existed or might thereafter exist in any county, shall consist of members of the board of chosen freeholders of such county, to be appointed by the said board of chosen freeholders and subject to removal at its pleasure. *Rev. Sup., p.* 880, *pl.* 46.

Under the act of 1881 the powers granted to the Essex public road board are to be exercised by the board of chosen freeholders of the county, and they are thus brought into the class in which the board of chosen freeholders in every county controls the county roads which are laid out for the purpose of improving the county as a whole.

This is a classification upon a substantial basis, and, therefore, legislation for such a class is not prohibited by the organic law.    It must be equally competent for the legislature to except this class from the operation of a general law such as that of 1891, without rendering that act special.    A general law cannot be deemed special because it does not sweep away other general laws.

But the law of 1891, to be a general law, must override inconsistent special legislation.    The act of April 6th, 1871

(*Pamph. L., p.* 1459), is a special law, manifestly not in harmony with the act of 1891.

I agree in the view taken by the Supreme Court, that the repealing clause in the latter act embraces the prior act and annuls its inconsistent provisions. We must presume that the legislature intended to pass a valid law and adopt an admissible construction which supports it.

The act of 1891 gives to the township committee of every township in the state the supervision of the making and repairing of all township roads, while the legislation to which reference has been made has subjected the county road in every county to the exclusive control of the board of chosen freeholders.

This classification adopted by the legislature must be recognized by the courts as valid. *State* v. *Clayton,* 24 *Vroom* 277, 282.

The result is that the judgment below must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, MAGIE, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH. 10.

*For reversal*—None.