FREDERICK F. TAYLOR v. DAVID B. HUTCHINSON.

1. A motion to strike out pleadings as sham can prevail only when it is entirely clear that they are devoid of merit.
2. In a declaration founded upon a covenant in a mortgage to pay the debt secured by the mortgage, it was averred that on a "bill filed for the foreclosure of the mortgage," a court in a sister state had decreed that the debt was due from the defendant to the plaintiff, and that the equity of redemption should be barred. The defendant having pleaded certain defences to the alleged covenant—*Held*, that the decree was not so clearly an estoppel as to render the defendant's pleading a sham.

On motion to strike out pleas and notice.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the plaintiff, *William M. Lanning.*

For the defendant, *William M. Jamieson* and *James Buchanan.*

The opinion of the court was delivered by

DIXON, J.   The declaration in this case seems to rest upon a covenant to pay a sum of money, which is contained in a deed given by the defendant to the plaintiff mortgaging certain lands in Michigan.   The pleas and notice of the defendant set up certain matters in defence of the alleged personal obligation, and the plaintiff's present motion is to strike out these pleas and notice "as frivolous and sham for the reason that the matters have been adjudged against the defendant by the final decree in the foreclosure cause set out in the declaration."

A motion to strike out pleadings as sham should prevail only when the pleadings are clearly without merit.   If they present a debatable question of law, demurrer is the appro-

priate means of raising it.  *Miller* v. *Hillsborough Fire Association,* 17 *Vroom* 505.

The declaration in this case alleges in effect that, by his deed dated March 29th, 1895, the defendant covenanted to pay the plaintiff $7,000 in five years after date, with interest semi-annually, and conveyed the lands in Michigan to secure such payment; that by the deed the defendant covenanted to keep paid all taxes assessed against the property, and agreed that if any default should be made in any of his covenants "the plaintiff should be entitled to foreclose the mortgage and to collect the whole amount secured thereby;" that in 1894, certain taxes were assessed against the property and remained unpaid until August 12th, 1895, when the plaintiff elected that the whole principal sum should become due and thereupon "filed his bill of complaint for the foreclosure of the aforesaid mortgage in the Circuit Court of the county of Kent in the State of Michigan," on which bill that court by final decree, dated July 1st, 1896, adjudged that there was due to the plaintiff on June 29th, 1896, the sum of $7,816.17, and that that sum be paid by the defendant to the plaintiff on or before August 15th, 1896, or in default thereof the mortgaged premises be sold to raise the amount due; that afterwards the premises were accordingly sold, realizing only $3,000, and leaving due to the plaintiff $4,819.23, with interest from October 2d, 1896.

The question now presented is whether, on these allegations, it is entirely clear that the decree estops the defendant from disputing his personal obligation to pay the balance thus mentioned.

It is laid down as a general rule that the judgment or decree of a court having proper jurisdiction will conclude the parties upon the matter directly involved in the issue presented by the pleadings or actually litigated at the trial; but respectable authorities also hold that controversies, which are only incidental or collateral to the issue, are not concluded, although they may have furnished the very ground on which the issue itself was determined.  Thus in *King* v. *Chase,*

15 *N. H.* 2, it was decided that, although in a former action of trover for the conversion of oats the plaintiff had based his title to the oats upon a certain mortgage, and the defendant had assailed that mortgage as fraudulent and thereupon had obtained a verdict and judgment, yet the judgment, which undoubtedly concluded the plaintiff as to the title to the oats, did not conclude him as to the validity of the mortgage.    Other cases of similar purport are cited in the note to 21 *Am. & Eng. Encycl. L.* 185.

If this doctrine be applied to the present case, it may induce a denial of the estoppel now claimed.

The only indication of the issue involved in the Michigan cause is to be found in the averment that the bill in that cause was filed " for the foreclosure of the mortgage."    Such a bill does not properly raise the question whether the owner of the equity of redemption is personally indebted.    The direct issue is whether, under the circumstances, his right to redeem should be barred.    The defendant's personal obligations can be only collateral or incidental to this issue, as bearing upon the question whether his right should be cut off.

Indeed, on the face of the pleadings now before us, there is room for the inference that the parties did not intend the consequences of default in the payment of taxes to go beyond the immediate foreclosure and sale of the mortgaged premises, for their language is not that in case of default *the debt* should become due, but that " in such event the plaintiff should be entitled to foreclose the mortgage and to collect the whole amount secured thereby."

In this state of the case it is a debatable question whether, on the bill filed and the evidence presented, the court in Michigan had jurisdiction to adjudge or attempted to adjudge anything more than that, if the defendant did not pay the sum specified before the designated day, his right to redeem should be foreclosed and the property should be sold.    We therefore cannot say that the decree is so clear an estoppel against the defendant as to render his pleading a sham.

The motion to strike out is denied, with costs.