SAMUEL H. BOWMAN v. THE BOARD OF CHOSEN FREE-
HOLDERS OF ESSEX COUNTY.

Submitted December 17, 1902—Decided February 24, 1903.

Upon the views announced in *Road Commissioners* v. *Harrington Township,* 26 *Vroom* 327, the act of April 24th, 1894 (*Gen. Stat.,* p. 2864), by which the functions of county road boards were transferred to the boards of chosen freeholders, is valid, notwithstanding the fact that the functions of the road board in Essex county differed from those permitted to road boards in other counties.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *Robert H. McCarter*.

The opinion of the court was delivered by

DIXON, J.   The proceedings subjected to review by this *certiorari* were taken by the board of chosen freeholders of Essex county in widening a public road, pursuant to the provisions of the local statutes establishing and controlling the Essex public road board.

The legality of the proceedings depends on the act of April 24th, 1894 (*Gen. Stat., p.* 2864), passed to transfer the powers, duties, rights and authorities of all county public road boards to the boards of chosen freeholders in the respective counties. As the functions of the Essex county road board were different from those permitted to road boards in other counties, it is insisted by the prosecutor that an enactment to transfer those functions to another county board must necessarily be local and special, whether embraced in a statute general in form or not, and therefore must be prohibited by our constitution.

An examination of this claim on principle in this court seems to be precluded by the opinion of the Court of Errors, in *Road Commissioners* v. *Harrington Township,* 26 *Vroom* 327, where Mr. Justice Van Syckel, speaking for that court, declared that the act of February 10th, 1881 (*Gen. Stat., p.* 2862), which transferred the functions of every county road board to a committee of the board of chosen freeholders, rested on a substantial basis of classification, and was not prohibited by the organic law.   That declaration must be equally applicable to an act transferring the same powers and duties from a committee of the board to the whole board.

The proceedings are affirmed, with costs.