CHARLES F. LINKS, APPELLANT, v. JOHN MARIOWE, APPELLEE.

Submitted July 5, 1912—Decided November 11, 1912.

Whether a claim is of a nature connoted by the term "set-off," and whether, as to its liquidated or unliquidated character, capable of being the subject of set-off, is to be determined by applying the test, Will an action of *indebitatus assumpsit* lie thereon? If so, it is liquidated within the legal meaning of the word "set-off."

On appeal from the Second District Court of Newark.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the appellant, *Thomas L. Raymond* and *Theodore McC. Marsh.*

For the appellee, *Cortlandt & Wayne Parker.*

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the judgment of a District Court, tried without a jury, which resulted in a nonsuit. A motion has been made to dismiss the appeal because not perfected in time; although we think the motion should prevail, yet we have considered the case upon the merits.

The state of the case settled by the judge is as follows:

"No witnesses were sworn, but the case was submitted on the admission of the attorneys for the respective parties and the records of this court in two former suits brought by defendant here against plaintiff, which were admitted in evidence by consent. In the first of those suits, defendant, who is plaintiff here, filed a set-off claiming the same amount on the same items of account set forth in his state of demand filed in this suit. Before judgment was rendered in that suit he withdrew his set-off and judgment was rendered for plaintiff therein.

"In the second of the former suits mentioned defendant filed no set-off. Those facts and records being admitted, defendant moved for a nonsuit. Pending that motion, plaintiff moved for leave to amend his state of demand by setting forth the common counts in *assumpsit* and claiming a right to recover on *quantum meruit* and *quantum valebat* the amount set forth in his state of demand made up of the same items of account. The motion to amend was granted by consent.

"Plaintiff then offered to prove that no prices were agreed upon or stipulated for the work and materials mentioned in the said state of demand.

"On defendant's objection this offer was overruled, and to the ruling plaintiff took an exception.

"Defendant then renewed his motion for nonsuit, and thereupon judgment of nonsuit was rendered in favor of defendant and against plaintiff, and to that judgment plaintiff took exception."

The plaintiff sued for the value of painting and enameling done for the defendant, and the demand filed is in the ordinary form of an account. The grounds specified for reversal are that the nonsuit was erroneous, and that the court refused to permit the plaintiff to introduce evidence to establish his demand.

The right of the defendant in an action in a District Court to discount or set-off any account or demand against the plaintiff (*Comp. Stat., p.* 1970, § 60), has been denied to such accounts or demands as are for unliquidated damages (*Slaytor-Jennings Co.* v. *Paper Box Co.,* 40 *Vroom* 214), and the general rule is that only liquidated claims are the subject of set-off. In the case cited, it was held that by the above section of the District Court act, no different rule arose, but that it referred to claims having such characteristics as fall within the legal meaning of the term set-off.

If the plaintiff's claim is of such nature and quality as permitted it to be the subject of set-off in the former suits, and he, as defendant in such former suits, did "neglect or refuse to deliver a copy" of it, he is precluded from main-

taining his present action thereon. *Comp. Stat., p.* 1971, § 61.

Without discussing any technical objections as to the order of proof, the plaintiff contends that his claim is for unliquidated damages, and therefore could not be made the subject of set-off.

Whether a claim is of a nature connoted by the term "set-off," and whether as to its liquidated or unliquidated character, capable of being the subject of set-off, is to be determined by applying the test, Will an action of *indebitatus assumpsit* lie thereon? If so, it is liquidated within the legal meaning of the word "set-off."

This was settled by the Court of Errors and Appeals in *Godkin* v. *Bailey,* 45 *Vroom* 655, wherein the old ruling in *Marshall* v. *Hann,* 2 *Harr.* 425, following *Howlet* v. *Strickland, Cowp.* 56, was approved and adopted. This is controlling.

Manifestly, the plaintiff's claim may be sued in *indebitatus assumpsit.* Chitty says (1 *Chit. Pl.* 348):

"With respect to debts for work and labor or other personal services and for materials used in performing the work, it is a rule that if preceded by the defendant's request, then, however special the agreement was, yet if it were not under seal, and the terms of it have been performed on the plaintiff's part, and the remuneration was to be in money, it is not necessary to declare specially, and the common *indebitatus* count is sufficient."

The judgment will be affirmed.