WEIDMANN SILK DYEING COMPANY, respondent,

*v.*

EAST JERSEY WATER COMPANY et al., appellants.

[Argued June 20th, 1918. Decided November 18th, 1918.]

It was not meant by rule 131 of the supreme court (edition of 1913), applicable to the court of errors and appeals by rule 147, to compel the appellate court to pass on every question raised on the appeal.

On appeal from a decree of the court of chancery, reported in *88 N. J. Eq. 397.*

*Mr. John W. Harding (Messrs. Griggs & Harding)*, for the respondent.

*Mr. John B. Humphreys* and *Mr. Gilbert Collins*, for the appellants.

The opinion of the court was delivered by

SWAYZE, J.

The opinion of the chancellor sufficiently vindicates the result he reached. One expression in the opinion may lead to misapprehension, and it is important enough to call for remark. In speaking of the effect of the decision in *A. & S. Silk Dyeing Co. v. East Jersey Water Co., 88 N. J. Law 273*, he says that under the rule of the supreme court (now rule 131, edition of 1913) no questions are open for litigation upon a retrial except those on which the decision of the trial court was found to be wrong. The rule is limited in any event to questions that are separable, and, hence, it is necessary for the appellate court to adjudge that the questions are separable, if it means to limit the scope of the retrial. What the judgment was in the case cited does not appear, and the opinion only shows that the judgment was to be reversed and a new trial ordered. This result would necessarily follow if any fatal error was found as there was in that case. Such a reversal, however, does not necessarily conclude all other questions. This court on finding a fatal error might or might not pass on other questions involved in the case. It was not meant by rule 131 to compel the appellate court to pass on every question raised on the appeal. The question does not arise now since we agree that the facts conceded in the bill and answer entitle the complainants to a decree, unless it is to be deprived of relief on the theory that it does not come into court with clean hands. We cannot so hold. The fact that the complainant may have heretofore made an unreasonable use of the water and polluted it in such use does not prevent it from now vindicating

its property rights. Those rights it has not lost even though it has in the past violated the criminal law by creating a public nuisance. Even a criminal would not be an outlaw.

We are bound to assume that it will hereafter assert its legal rights in a lawful way, and in that assertion it is entitled to protection.

The decree must be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER—12.

*For reversal*—None.