MARGARET MURRAY, APPELLANT, v. ELSTON E. PEARCE, RESPONDENT.

Submitted July 5, 1920—Decided November 15, 1920.

1. In a suit on a bond for deficiency, the only matters to be considered by the court, in which the suit is brought, are—*first*, the amount of the debt as adjudged by the Court of Chancery, and the amount by which it has been reduced by the application to it of the proceeds of the foreclosure sale, and *second*, payments on account of the debt (if any) which have been made subsequent to the entry of the decree in the foreclosure suit.

2. In a suit on a bond for deficiency, after sale of mortgaged premises, a credit will not be allowed on the amount of such deficiency, for insurance money received by the mortgagee before foreclosure, where the defendant in the suit on the bond was a party defendant to the bill to foreclose and did not see fit to controvert the averment in the bill in Chancery that the whole amount secured by the mortgage was due and owing.

On appeal from the Supreme Court.

For the appellant, *Edwin B. & Philip Goodell.*

For the respondent, *Wilfred H. Jayne.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by the appellant against the respondent under the act of 1880 entitled "An act concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure and sale of mortgaged premises thereunder." *Comp. Stat., p.* 3420.

The respondent, in September, 1916, borrowed of one Philip Goodell the sum of $5,000, and, for the purpose of securing the payment thereof, executed to him a bond and mortgage for that amount, payable September 15th, 1918. Some two months after the execution of the bond and mortgage, and on November 21st, 1916, the respondent conveyed the mortgaged premises to one Miller, who, in turn, conveyed to Thomas F. Roach. The due day of the bond and mortgage having passed, and the mortgage debt still remaining unpaid, the appellant, Murray (who held the bond and mortgage under an assignment from Goodell), instituted foreclosure proceedings against Pearce, the maker of the bond and mortgage, and the several parties to whom the mortgaged premises subsequently passed. These proceedings were begun in January, 1919. After the time to answer had expired there was a reference to a master, and he reported that there was due on April 21st, 1919, upon the bond and mortgage, $5,165. Upon the coming in of the report a final decree was entered adjudging that this was the amount of the mortgage debt, and directing that a writ of

*fieri facias* issue to the sheriff commanding him to make sale of the mortgaged premises to raise and satisfy the said sum, together with interest and costs. The writ was issued and delivered to the sheriff, and he, under the authority thereof, sold the premises to the highest bidder, the amount produced by the sale being $3,000, leaving a deficiency of $2,464.93. Thereupon, and within the time limited by the statute of 1880, the present suit was brought to recover that deficiency.

The respondent set up, as a partial defence, that, in June, 1918, the mortgaged premises were damaged by fire; that they were covered by an insurance policy which was held by Goodell as mortgagee; that the company settled its liability under the policy by paying the mortgagee $1,594, who, in turn, paid it over to the owner of the property in order to enable him to make repairs; and that he, the respondent, was entitled on these facts to have the amount of the insurance money credited upon the decree for deficiency. The trial court held this defence valid, so far as it went, and directed the deduction asked for.

We think there was error in this holding of the trial court. The fire occurred and the insurance money was paid some six months before the foreclosure proceedings were instituted. The respondent was a party defendant in those proceedings. The averment of the bill was that the whole of the money to secure the payment of which the bond and mortgage had been given was then due and owing. The respondent did not see fit to controvert that averment. On the contrary, he sat silent and permitted a decree to go against him adjudging that there was due to the complainant the whole amount of her claim, with interest. He knew at the time the foreclosure was begun that the insurance money had been paid. Assuming that he was entitled to have it credited as a payment on the mortgage debt, the opportunity to do so was afforded him in the Chancery suit. His failure to raise the question in that suit cannot operate to relieve him of the adjudication of that court or destroy to any extent its legal effect. As between him and the present appellant the decree was *res judicata* on the question of the amount of the mortgage debt, and he could

only obtain relief against the binding force of that decree by an application to the court in which it was entered. And that this is so is recognized by the second section of the act of 1880, which provides: "That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then, and in such case, it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of sale of the mortgaged premises, and judgment shall be rendered and execution issued only for the balance of debt and costs of suit." Manifestly, "the balance," for which the judgment is to be rendered, is the difference between the amount of the debt as adjudged in the foreclosure proceedings and the amount of money produced at the sale of the mortgaged premises under those proceedings. It follows, therefore, as we think, that in the suit on the bond for deficiency, the only matters to be considered by the court in which the suit is brought are, first, the amount of the debt as adjudged by the Court of Chancery, and the amount by which it has been reduced by the application to it of the proceeds of the foreclosure sale, and second, payments on account of the debt (if any) which have been made subsequent to the entry of the decree in the foreclosure suit.

The judgment under review will be reversed.

*For affirmance*—BERGEN, WHITE, JJ. 2.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.