CHARLES S. CORSON, respondent,

*v.*

CLARA ROSE BAILEY, appellant.

[Decided May 18th, 1925.]

The provision of section 61 of our Chancery act, which permits the allowance to the defendant of "all just set-offs" in ascertaining the amount due to the complainant in a foreclosure suit, confines such allowance to debts due from the complainant to the defendant. It does not include a right in the defendant to have deducted from the amount of the mortgage debt claims for unliquidated damages.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll.

*Mr. Lee F. Washington,* for the appellant.

*Mr. Clarence Cole,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is a foreclosure suit. The defendant, Clara R. Bailey, on the 19th of November, 1921, executed a note to the complainant, secured by a mortgage, in the sum of $2,600, payable within two years from date. The complainant admits in his bill payments on account of the principal of this note totaling $1,300, and the suit is brought to enforce the payment of the balance still remaining due. The defendant set up in her answer that the mortgage had been obtained from her by fraudulent representations made to her by the complainant, and that there was, in fact, nothing due thereon from her to him. She also set up by way of counter-claim that, prior to the making of the mortgage, the complainant had been employed by her to make certain alterations and additions to the dwelling-house upon the mortgaged premises; that she had paid him considerable sums for the work to be done and the materials to be furnished by him on the building, and then asserts that he never fully performed his contract, but left the work uncompleted, by reason of which default she had been caused a considerable financial loss, and prayed a decree fixing the damages so sustained by her and directing their deduction from the mortgage debt, if it should be considered that it was a valid obligation against her. Vice-Chancellor Ingersoll, before whom the cause was heard, concluded that the mortgage debt was a valid obligation against the defendant, and advised a decree of foreclosure for the unpaid principal thereof. He also held that the counter-claim should be disallowed, for the reason that it could not be set up as a defense in a foreclosure proceeding. From the decree entered in accordance with these views the defendant has appealed.

The first ground upon which a reversal of the decree under review is sought is that the proofs support the appellant's

claim that the mortgage was obtained by fraud, and is, for that reason, null and void. It is sufficient, in disposing of this ground of appeal, to state that our examination of the proofs in the cause satisfies us that this claim is not justified by the facts, and that, consequently, the respondent was entitled to a decree establishing his right to the unpaid balance of the mortgage debt.

It is further argued before us that the court of chancery committed legal error in refusing to entertain the appellant's claim for damages, and to permit them, when ascertained, to be credited on account of the mortgage debt. This contention, also, we think, is without merit. In the absence of a statutory provision to the contrary, the defendant in a foreclosure suit cannot set up in that suit, by way of satisfaction of the mortgage in whole or in part, a debt owing to him from the complainant, or a claim for unliquidated damages which he has against the latter, unless there be an agreement between the parties that such debt or claim shall be received and credited as payment. *Parker* v. *Hartt, 32 N. J. Eq. 225; S. C. on appeal, Id. 844.* This rule of law was modified by the legislature subsequent to the promulgation of the opinions in the cited case by an amendment of the Chancery act passed in 1902, which provides that "in all foreclosure suits, where the amount due on any mortgage is in issue, all just set-offs shall be allowed in ascertaining the amount due in the same manner and to the same extent as like set-offs are allowed in actions at law." *Chancery act § 61; Comp. Stat. p. 433.* The question to be determined, therefore, is whether the defendant's claim for damages which are unliquidated, comes within the scope of this enactment—that is, whether it was intended thereby that such a claim should be embraced in the term "set-off." We consider that it was not; and for the reason that the legislature many years earlier had defined a set-off as the right of a person who is sued by his creditor for a debt due to such creditor to set-off against the latter's demand "a debt not being for unliquidated damages" due and owing to him from the creditor (An act concerning set-offs, *Comp. Stat. p.*

*4836*) ; and that body is presumed to have used the word in the later statute as defined by it in the earlier enactment. It was for this reason (although not expressed) that this court in the case of *Commonwealth Title Co.* v. *New Jersey Lime Co., 86 N. J. Eq. 450,* decided in 1916, approved the statement contained in the opinion promulgated by the court of chancery in that case that "unliquidated damages are not the proper subject-matter of a set-off in a foreclosure suit under existing laws."

For the reasons indicated we conclude that the decree under review should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.