Lauretta G. Salter, complainant,

v.

Charles J. Reilly et ux., et al., defendants.

[Decided November 15th, 1929.]

Mr. *Frank W. Heilenday,* for the complainant.

Mr. *N. Louis Paladeau, Jr.,* for the defendants Charles J. Reilly and Catherine Reilly, his wife.

Fallon, V. C.

My consideration of the matter *sub judice,* and particularly the bill of complaint, answer and counter-claim, and master's report, actuates me in determining that the application of the complainant for an order striking out the answer and counter-claim of the defendants Charles J. Reilly and Catherine Reilly, his wife, upon the ground that said answer and counter-claim are frivolous *and* sham, should be denied, and I will advise an order accordingly, the order to provide for payment forthwith by the complainant of the master's fees—$84.25. In *South Camden Trust Co.* v. *Stiefel, 101 N. J. Eq. 41* (Vice-Chancellor Leaming), it was held that the court of chancery will not entertain a motion to strike out a counter-claim on the ground it is sham and untrue,

when the averments of the counter-claim, if true, support affirmative equitable relief; also, that motions to strike out pleadings as sham are entertained only against *defensive* pleadings. As stated in the cited case (page 43), the procedure in this state on motions to strike pleadings is regarded as merely an inquiry whether there is an issue of fact to be tried, a distinction being recognized between the determination, whether there is a real issue to be tried and the trial of an issue upon a motion; whether what in form is an issue is a real issue. In *Fidelity Mutual Life Insurance Co.* v. *Wilkes-Barre and Hazelton Railroad Co., 98 N. J. Law 507,* it was held a pleading cannot be both sham and frivolous at the same time. The opinion of the court of errors and appeals recites: "At common law a plea was considered sham when it was palpably or inherently false, and from the plain or conceded facts in the case must have been known to the party interposing it to be false. Such plea, says Chitty, 'has always been considered a very culpable abuse of justice, and has often been censured and set aside, with costs.' *1 Chit. Pl. 542; 1 Tidd Pr. 611; 2 Bouv. 680.* A frivolous plea need not be false, but is palpably insufficient as a legal defense to the action; and hence legally insubstantial or frivolous, and therefore presumably interposed for the purpose of delay. Under the common law practice in New York, and the supreme court rules, a plea might be condemned as either palpably false (sham) or frivolous, and could be struck out upon either ground, but was never summarily dealt with upon both grounds. *Oakley* v. *Devoe, 12 Wend. 196; 1 Burrill Prac. 180; 21 R. C. L. 452,* and cases cited." Section 4 of 1915 supplement of the Chancery act (*P. L. 1915 pp. 184, 185*), is authority for the striking of frivolous or sham pleadings. Said section provides that "any frivolous or sham *defense* may be struck out on notice, and a decree *pro confesso* entered, or the defendant may be allowed to defend on terms, or such other order or decree may be made in the premises as may be just." In *Penrose* v. *Absecon Land Co., 94 N. J. Eq. 436,* opinion of the court of errors and appeals (Parker, J.), it is said: "the very word 'sham' connotes unfounded allegations of fact."