ROBERT W. RICHMAN (for whom has been substituted JOHN C. MARSH), complainant-respondent,

*v.*

ALBERT T. BAUERLE et al., defendants-appellants.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Mr. William I. Garrison,* for the appellants.

*Messrs. Carr & Carroll,* for the respondent.

PER CURIAM.

A bill of complaint was filed in the present case, foreclosing a first mortgage on property located on the beach front in Ocean City, which was owned by one of the defendants, Helene C. Bauerle. The premises involved consisted of an unimproved lot, having a frontage of approximately fifty feet. The lot adjacent to the property in question was owned by the present complainant, Marsh, who had, sometime in 1927, erected a building on his lot, devoted to amusement purposes, which was known as the "Golden Galleon;" and it appears that part of said building extended over on the mortgaged premises. The defendants filed an answer and counter-claim, denying that the sum of $15,000 was due on said mortgage, as alleged in the complaint; and by reason of part of Marsh's building being erected on the mortgaged premises, alleged that the complainant was indebted to the defendants in the sum of $20,000, for the use and occupation of part of the mortgaged premises, from November 1st, 1927. The

counter-claim prayed that the complainant be restrained from proceeding with the foreclosure suit pending the determination of an action in ejectment, instituted by the defendants, to recover possession of that part of the mortgaged premises occupied by the complainant; and further prayed, that the bill be dismissed, and that the defendants have a decree in their favor, for the amount found to be due them from the complainant. There does not appear to be any dispute with respect to the encroachment; nor is there any proof to indicate that prior to the filing of the counter-claim in the foreclosure suit, any protest was ever made by the defendants, with respect to the encroachment.

The court of chancery decided, without any apparent objection by the defendants, that the part of the mortgaged premises encroached upon should be conveyed by the defendants to the complainant, at a price to be determined, and that the consideration should be paid into court. The vice-chancellor thereupon made an order of reference to a special master. No appeal was taken from this order; and it appears that it was approved as to form, by the defendants. The special master was directed to find: (1) the full extent to which said building, known as the "Golden Galleon," extended over and encroached upon the mortgaged premises; (2) the reasonable value of that portion of the mortgaged premises to be conveyed by the defendants to the complainant, as of April, 1928; (3) to ascertain and fix the sum of money which the complainant should pay into court for the conveyance of that portion of the mortgaged premises encroached upon; (4) what damages, if any, the remaining portion of the mortgaged premises would suffer, by reason of the conveyance to the complainant. The master found that the building in question encroached upon the mortgaged premises to the extent of five and a half inches, and set forth a description of that part of the land which the defendants were to convey to the complainant; that a reasonable value for the premises to be conveyed by the defendant was $458.33, and that such sum should be paid into court by the complainant; and that the remaining portion of the mortgaged premises would suffer no damages by reason of the conveyance.

The appellants argue that the vice-chancellor was in error in refusing the request of the defendants to the effect that the order of reference should have required the master to determine the mesne profits due to the defendants. We cannot find in the record, that any such request was properly made. It is also contended that the vice-chancellor refused to require the master to report in regard to punitive damages. The record does not indicate that any claim was made for punitive damages, nor is there anything in the case which would support a claim of this character. Objection was also made as to the value of the land encroached upon being inadequate. We think there was ample testimony to support this value.

We agree with the special master's findings, and the decree will therefore be affirmed, with the express understanding that we do not approve of the practice followed in this matter, but as no objection was made to same, we have only passed on those presented.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.