JAMES B. TRUMBOWER, complainant-respondent,

*v.*

PARK ATTRACTIONS, INCORPORATED, a corporation of New Jersey, et al., defendants-appellants.

[Submitted October term, 1936.   Decided January 22d, 1937.]

*Mr. Joseph Varbalow* (*Mr. Harry Grossman,* of counsel), for the appellants.

*Messrs. Bolte & Miller,* for the respondent.

The opinion of the court was delivered by

PERSKIE, J.

Park Attractions, Incorporated, appellant here and defendant below, appeals from an order of the court of chancery advised by Vice-Chancellor Sooy striking its answer and counter-claim.

Respondent, complainant below, filed a bill in chancery to foreclose two certificates of tax sale which he had purchased from the city of Ocean City, New Jersey, at a private sale, for and with funds supplied him by the trustees of the estate of John J. Stoer. Park Attractions, Incorporated, owned the property and was, therefore, made a party defendant. As a party defendant it filed an answer and counter-claim.

Generally stated, the answer set up lack of knowledge or information as to the allegations of the bill such as the official designation of the lots; the assessments and the amount due on each lot, the purchase of the tax sale certificates by the city, the sale thereof to complainant; that more than two years had elapsed since the sale to the city and that the premises had not been redeemed (paragraphs 2, 3, 4, 5, 6 and 9); that there was a non-joinder of a necessary party (Minton as receiver for Franklin Trust Company was not made a party); that there was a misjoinder of two separate causes of action, *i. e.*, both certificates of tax sale were included in the one foreclosure suit; that the tax sale was illegal and void. All of which is without merit. The description of the lots, the amount of tax arrearage, the sale and acquisition of the tax certificates, &c., were matters of public record; the order appealed from also authorized the joining of Minton as a party defendant; the amount due on each certificate was stated and the owner of the premises could have redeemed each or both certificates had it so desired; the validity of the tax sale through which complainant derived his title cannot be questioned here collaterally. *Long Beach Township* v. *Daniel B. Frazer Co., 113 N. J. Eq. 57; Bayonne* v. *Morris & Cummings Dredging Co., 113 N. J. Eq. 116.* Appellant did not seek recourse to the procedure prescribed by chapter 202, *P. L. 1925 p. 480.*

Other objections, which we also think are without merit, were raised and we pass them unnoticed and approach the consideration of the facts set forth in paragraphs 19 to 24, inclusive, of the answer; the same facts were also set up in the counter-claim, and which are strongly urged required inquiry in the customary mode—final hearing—and that it was, therefore, reversible error for the learned vice-chancellor to strike them out on affidavits as defenses either frivolous in part or sham in part under chapter 116, *P. L. 1915 pp. 184, 185*. We do not think so.

The facts set up in the paragraphs above referred to and in the counter-claim were, in effect, that Charles H. Stoer in 1928 was an officer and director of Park Attractions, Incorporated, in charge of the properties covered by the certificates of tax sale and received rents in excess of $40,000 during that and subsequent years, for which he is indebted to the appellant; that being so indebted Stoer agreed with appellant that he would liquidate his indebtedness to it by paying the interest, taxes and other carrying charges against the lands; that he failed to carry out his agreement and that his failure was motivated by a desire to procure the title to the lands and deprive appellant thereof; that he permitted the assignment of the tax sale certificates to complainant and procured complainant to file the bill to foreclose them and that complainant holds said certificates for him.

The vice-chancellor concluded that the affidavits of the respondent clearly showed that the allegation of appellant were untrue and, *inter alia,* said:

"It is well to note that the answering affidavit filed by attorneys for the Park Attractions, Incorporated, is not subscribed to by any officer or director of the company, but by a stockholder, who says: 'I have, at all times, taken an active interest and have personal knowledge of its affairs to the extent set forth in the affidavit.'

"Passing over the fact that the greater part of the affidavit is based on 'the advice of counsel' we come to page 4, &c., which deals with paragraphs 19 to 24, inclusive, and it will be observed that affiant is swearing to conclusions she has reached, which conclusions are not based on any alleged fact.

She says that Charles H. Stoer collected moneys for the company and promised to pay the taxes. This she may know by reason of conversations between Stoer and herself or between him and others in her presence, but the source of her information does not appear. However this may be, there is nothing to support her statements that the complainant holds the tax certificates for Stoer or that Stoer procured complainant to file the bill of complaint so that Stoer could acquire title.

"The affidavits filed for complainant clearly set forth facts which show the exact situation with reference to the purchase of the tax liens, where the money came from and the true owner thereof, and the conclusion of defendant's affiant does not raise a factual question such as must await final hearing.

"Being satisfied that the answer sets up no defense which may not properly be disposed of by a reference to a master, the answer will be stricken, as well as the counter-claim, and the matter referred for formal proof, as hereinbefore set forth, also as to the amount due."

Accordingly the vice-chancellor struck the answer and counter-claim and, under the practice adopted in *B. H. K. Realty Co.* v. *Scarlet, 105 N. J. Eq. 707,* referred the matter to a master for formal proof of paragraphs 2, 3, 4, 5, 6 and 9 of the bill of complaint and a statement of account indicating the amount required for redemption. Our study of all the proofs in this case satisfies us that the vice-chancellor reached a right result.

The order is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 12.

*For reversal*—HEHER, J. 1.