Docket 138/552

Stanley Scarano and Julius Caesar Scarano, complainants,

*v.*

Vittoria Scarano and Pellegrino Scarano, defendants.

[Decided October 8th, 1942.]

363

Mr. *Harry R. Stern*, for the complainants.

Mr. *Myron L. Levy*, for the defendants.

JAYNE, V. C.

The bill of complaint in this cause is in the conventional form employed to foreclose a mortgage. An answer and counter-claim have been filed on behalf of the defendants. The subject of present consideration is the motion of the complainants for an order striking out the counter-claim and the defensive averments of the answer. The specified grounds of objection are that paragraphs 2, 3, 4 and 5 of the answer are sham; that paragraph 5 is also frivolous, and that the causes of action alleged in the counter-claim cannot be indulged in a suit to foreclose a mortgage.

Courts of equity have possessed a power to overrule and suppress defensive pleadings which are manifestly sham or frivolous similar in character and purpose to the right exercised in the superior courts of common law. *Stanbery* v. *Baker, 55 N. J. Eq. 270; 37 Atl. Rep. 351; Weidmann Silk Dyeing Co.* v. *East Jersey Water Co., 88 N. J. Eq. 397; 102 Atl. Rep. 858; affirmed, 89 N. J. Eq. 541; 105 Atl. Rep. 194; Western Realty Co.* v. *Kassoff, 100 N. J. Eq. 325; 134 All. Rep. 733.* The practice also has been authorized by statute. *P. L. 1915 ch. 116 p. 185; N. J. S. A. 2:29-46.* The evident intent of the statute was to assimilate the equity practice in this respect to that at common law and thus motions to strike sham pleadings are summarily heard and considered on affidavits or documentary evidence. *Penrose*

v. *Absecon Land Co., 94 N. J. Eq. 436; 120 Atl. Rep. 207; Trumbower* v. *Park Attractions, Inc., 121 N. J. Eq. 284; 189 Atl. Rep. 65.* The fundamental object of this procedure is to intercept false pleadings to the end that justice shall not be impeded. Therefore the inquiry is addressed to whether there is an actual issue—whether that which in form and appearance seems to be an issue is a genuine and veritable issue. *South Camden Trust Co.* v. *Stiefel, 101 N. J. Eq. 41; 137 Atl. Rep. 91; Salter* v. *Reilly, 9 N. J. Mis. R. 979; 147 Atl. Rep. 778.*

The courts of law cautiously exercise the power to strike out pleadings as sham or frivolous. *Hogencamp* v. *Ackerman and Brown, 24 N. J. Law 133, 136; Coykendall* v. *Robinson, 39 N. J. Law 98; Taylor* v. *Hutchinson, 61 N. J. Law 440; 39 Atl. Rep. 664.* A pleading at law is not rejected as sham unless it is clearly and palpably false. *Jaeger* v. *Naef, 112 N. J. Law 417; 171 Atl. Rep. 166.* As courts of law will not try the case on affidavits nor allow the pleading to be disregarded, if there is any reasonable probability of its truth (*Walter* v. *Walker and Smith, 35 N. J. Law 262*), so likewise this court will not undertake to determine the disputable credibility of divergent and contradictory proofs submitted by means of affidavits. *Cf. Camden Trust Co.* v. *Handle, 126 N. J. Eq. 214; 8 Atl. Rep. (2d) 313.* "Where the hearing is limited to the submission of *ex parte* affidavits, the manifestation in the affidavits of *bona fides* and of a supporting background of fact must sometimes, in order to guard against injustice, be deemed sufficient to carry the defense over to a time when the testimony shall be orally given and the rights of subpœna and of cross-examination may be exercised." *Datz* v. *Barry, 115 N. J. Eq. 84, 87; 169 Atl. Rep. 685.*

Turning now to the answer filed in the present cause, it is observed that paragraph 2 denies that only $100 has been paid in reduction of the principal of the mortgage and denies that the sum of $2,900 with interest is due on the complainants' bond and mortgage. Paragraph 3 avers that $300 has been paid by the defendants on account of the principal

of the mortgage. The defendants are obligors on the bond as well as owners of the mortgaged premises and liable for a possible deficiency which may arise on foreclosure sale, and they are assuredly entitled to controvert the amount alleged to be due on the bond and mortgage. *Murray* v. *Pearce, 95 N. J. Law 104; 112 Atl. Rep. 314; Vanderbilt* v. *Brunton Piano Co., 111 N. J. Law 596; 169 Atl. Rep. 177; Cf. Midland Corp.* v. *Levy, 118 N. J. Eq. 76; 177 Atl. Rep. 685; affirmed, 120 N. J. Eq. 197; 184 Atl. Rep. 516; Montclair Savings Bank* v. *Sylvester, 122 N. J. Eq. 518; 194 Atl. Rep. 811.* These averments of the answer are upheld by affidavits which give them sufficient factual support to withstand the motion to strike them as sham.

Paragraph 5 of the answer is only partially true in fact, and so materially insufficient in its averments of fact as to be frivolous.

It is averred in paragraph 4 of the answer that the complainants are indebted to one of the defendants, Pellegrino Scarano, in the sum of $1,457.50. This alleged indebtedness to one of the defendants is also the subject of the allegations of the six counts of the counter-claim filed by the defendant Pellegrino Scarano. The sole ground upon which paragraph 4 of the answer is challenged is that its averments are sham. The affidavits seem to verify the existence of claims by the defendant Pellegrino Scarano aggregating the amount stated, but some of such claims are against one and others are against both of the complainants. An examination of the averments of paragraph 4 of the answer in association with the relative counts of the counter-claim of the defendant Pellegrino Scarano, immediately reveals the defenses actually desired to be interposed. The apparent endeavor is to set off against the alleged mortgage debt certain monetary claims of the one defendant against one and both of the complainants.

The doctrine of set-off is evidently a natural descendant of the doctrine of compensation of the civil law. *24 R. C. L. 801 § 10.* The right or remedy of set-off in actions at law is, of course, the creature of statute. It was unknown at common law according to which mutual debts are distinct and inex-

tinguishable except by actual payment, release or agreement. *57 C. J. 360*. Independent of statute, the right of set-off may be said to be of equitable origin and the power to allow a set-off is inherent in a court of equity. Essentially, the doctrine rests upon equitable principles. *Haynes, Outlines of Equity 158; Smith's Principles of Equity (5th ed.) 568; Snell's Principles of Equity (21st ed.) 512*.

Probably the legislation relative to set-off first adopted in this country was enacted in our State of New Jersey in 1722. The avowed purpose of the enactment of 1722 was to prevent a multiplicity of law suits. *Nolin v. Blackwell, 31 N. J. Law 170*. Certainly, one of the basic objects of permitting set-offs was the prevention of circuity of action. *Bispham's Principles of Equity (10th ed.) 528 § 327*.

Set-off, both at law and in equity, must be understood as the right which exists between two parties, each of whom, under an independent contract, owes an ascertained amount to the other, to set off their respective debts by way of mutual deduction, so that the residue only, after such deduction, shall be recovered. *Sammon v. Kimball, 92 U. S. 362; 23 U. S. (L. ed.) 485*. Since the enactment of authoritative statutes for the set-off at law, courts of equity have not had occasion to interfere unless there be some peculiar equity calling for equitable relief. *Hewitt v. Kuhl, 25 N. J. Eq. 24; 24 R. C. L. 804 § 13; 2 Story's Equity Jurisprudence ch. 38 p. 683*. The peculiar equities which will warrant the intervention of a court of equity are various and a comprehensive enumeration of them need not here be undertaken. They are mentioned to some extent in *Sefton v. Hargett, 113 Ind. 592; 15 N. E. Rep. 513*.

Nevertheless, it was for many years the established rule in this court that, in a suit to foreclose a mortgage, the mortgagor or his assigns could not set off any demand against the mortgage debt, except payment, which operates as a release of the encumbrance *pro tanto*, or an agreement that the sum proposed to be set off should be received and credited as payment. *Adm'rs of White v. Williams, 3 N. J. Eq. 376; Bird v. Davis, 14 N. J. Eq. 467; Dolman v. Cook, 14 N. J.*

*Eq. 56; Onderdonk* v. *Gray, 19 N. J. Eq. 65; Dudley* v. *Bergen, 23 N. J. Eq. 397; Williamson* v. *Fox, 30 N. J. Eq. 488; Parker* v. *Hartt, 32 N. J. Eq. 225; affirmed, sub nom. Hartt* v. *Parker, 32 N. J. Eq. 844; Loder* v. *Allen, 50 N. J. Eq. 631; 25 Atl. Rep. 541; Brown* v. *Coriell, 50 N. J. Eq. 753; 26 Atl. Rep. 915.* The rule was regarded critically by Vice-Chancellor Pitney in *Loder* v. *Allen, supra,* wherein he remarked (on *p. 636*), "The rule is one not readily learned by the ordinary business man, and is seldom borne in mind by mortgagor and mortgagee in their dealings with each other, with the result, as I think the experience of many counsel will bear witness, that injustice sometimes results from its application. This consideration constrains me to decline to apply it except in cases clearly within its terms." The potency of this rule endured, however, until the enactment of a dissonant statute in 1900. *P. L. 1900 p. 310; P. L. 1902 p. 570 § 61.* The revised statute now reads:

"In all suits where the amount due on a mortgage is in issue, all just set-offs shall be allowed, whether the holder of the mortgage is a party complainant or defendant, in the same manner and to the same extent as like set-offs are allowed in actions at law." *N. J. S. A. 2:65-20.*

The statute relative to set-offs ordains:

"If any two or more persons be indebted to each other, such debts or demands, not being for unliquidated damages, may be set off against each other; and if one of such debtors, or his executors or administrators, shall commence an action against the other, his executors or administrators, in any court of this state, it shall be lawful for the defendant at the trial, to set off as against the plaintiff the debts or demands which may be due and owing to him as aforesaid." *N. J. S. A. 2:26-190.*

In the Practice Act, the following provision will be discovered:

"Subject to rules, the defendant may set off or counterclaim any cause of action." *P. L. 1912 ch. 231, 379; N. J. S. A. 2:27-137.*

However, *Chancery rule 72* provides:

"Any matter, *being the proper subject of a cross-bill under*

*the existing practice,* may be set up by counter-claim." (Italics mine.)

As a general principle, equity followed the law in the allowance of a set-off, and claims for unliquidated damages were not cognizable by way of set-off in courts of equity unless the party seeking the benefit of an equitable set-off could show some equitable ground for being protected against his adversary's demand. *Trotter* v. *Heckscher, 40 N. J. Eq. 612, 657; 4 Atl. Rep. 83; Alpaugh* v. *Wood, 45 N. J. Eq. 153, 156; 16 Atl. Rep. 676.* Notwithstanding the statutory enactments, it has been resolved that claims for unliquidated damages are not the proper subject-matter of a set-off in a mortgage foreclosure suit. *Commonwealth Title Insurance and Trust Co.* v. *New Jersey Lime Co., 86 N. J. Eq. 450, 452; 100 Atl. Rep. 52; Corson* v. *Bailey, 98 N. J. Eq. 323; 129 Atl. Rep. 145; Vesta Underwear Co.* v. *Pohatcong Hosiery Mills, 127 N. J. Eq. 259; 12 Atl. Rep. (2d) 631.* The practice pursued in respect of a counter-claim for unliquidated damages was disapproved in *Richman* v. *Bauerle, 114 N. J. Eq. 164, 167; 168 Atl. Rep. 451.*

The fifth and sixth counts of the counter-claim filed in the present cause are of this class and exhibit, as now composed, claims for unliquidated damages resulting from tortious wrongs alleged to have been committed by the complainants in converting to their use and selling certain live stock owned by one of the defendants. I am not unaware of the general principle affording the right to waive the tort and maintain an action for money had and received, where a person has obtained the money of another by fraud or false color or pretense, but in such cases privity of contract, express or implied, must be alleged. *Westcott* v. *Sharp, 50 N. J. Law 392; 13 Atl. Rep. 243; Nolan* v. *Manton, 46 N. J. Law 231.* These two counts cannot be prosecuted defensively in this cause.

It is perhaps not inappropriate to incidentally note that certain distinctions regarding claims for unliquidated damages in reduction of the mortgage debt, are recognized in the foreclosure of a purchase-money mortgage. *Vide, Kuhnen*

v. *Parker, 56 N. J. Eq. 286; 38 Atl. Rep. 641; Hawthorne* v. *Odenson, 94 N. J. Eq. 588; 120 Atl. Rep. 797; Emery* v. *Hansen, 107 N. J. Eq. 117; 151 Atl. Rep. 731.*

The defendant Pellegrino Scarano alleges in the first count of the counter-claim the performance of work, labor and services on a farm conducted by the complainants, for which the complainants expressly contracted to pay him the definite sum of $700. The problematical question projected is whether the claim of the one defendant can be off-set against the mortgage debt. Ordinarily, courts of equity, following the law, will not allow a set-off of a joint debt against a separate debt or, conversely, a separate debt against a joint debt. *Story's Equity Jurisprudence 688; 57 C. J. 476 § 147.* The liability of these defendants is assuredly characterized by the terms of their bond, and I shall assume that they are obligated jointly and severally. Moreover, the two defendants are husband and wife. In such circumstances, I am disposed to afford the defendant an opportunity to off-set this alleged indebtedness of the complainants. Such action is not without sustaining authority. In the foreclosure suit of *American Guild of Richmond, Virginia,* v. *Damon (Court of Appeals of New York), 78 N. E. Rep. 1081,* it was held that in an action on a joint and several obligation of a husband and wife, a separate demand in favor of the husband may be counter-claimed. See, also, *57 C. J. 460 § 115,* and citations.

The second count alleged the performance of the same labor upon the implied promise of the complainants to pay the defendant the reasonable worth and value of the service. This claim is founded upon *quantum meruit.* It has been resolved that whether a claim is capable of being the subject of set-off is to be determined by ascertaining whether it could be alleged and recovered in an action of *indebitatus assumpsit.* If so, it is a liquidated claim, within the legal signification of the word "set-off." *Links* v. *Mariowe, 83 N. J. Law 389; 84 Atl. Rep. 1056; Schenck* v. *Schenck, 10 N. J. Law 276; Marshall* v. *Hann, 17 N. J. Law 425; Dey* v. *Jackson, 39 N. J. Law 535; Godkin* v. *Bailey, 74 N. J. Law 655; 65 Atl. Rep. 1032.* "With respect to debts

for work and labor or other personal services and for materials used in performing the work, it is a rule that if preceded by the defendant's request, then, however special the agreement was, yet if it were not under seal, and the terms of it have been performed on the plaintiff's part and the remuneration was to be in money, it is not necessary to declare specially, and the common *indebitatus* count is sufficient." *1 Chit. Pl. 48.*

Vice-Ordinary Bigelow in *In re Kraeuter, 125 N. J. Eq. 120; 4 Atl. Rep. (2d) 383; affirmed, 127 N. J. Eq. 19; 11 Atl. Rep. (2d) 28,* recently remarked (on *p. 123*) : "If the legislature, by the statute of 1900 meant to give a mortgagor as broad a field of counter-attack as a defendant has in an action at law, then I think an unliquidated obligation of the mortgagee could be availed of by the mortgagor, provided it could be conveniently made certain in the foreclosure suit. But I need not pass on that question." Why, in all cases of mutual debts, courts of equity should not have at once supported and embraced the doctrine of the universal right of set-off where practicable to do so, is difficult to comprehend. Its universal adoption in all systems of jurisprudence which derive origin from Roman fountains demonstrates its justice and policy. It is in perfect harmony with the principles by which the decrees of this court are normally governed. I shall deny the motion to strike out the second count of the counter-claim.

The third count embodies the allegation that the defendant Pellegrino Scarano performed certain labor for one of the complainants, for which that complainant expressly promised to pay to the defendant the sum of $675 or for which, as alleged in the fourth count, the complainant promised to pay to him the reasonable value. The complainants are not claiming definite shares of the mortgage debt. The debt evidenced by the bond and mortgage is alleged in the bill to be owing to the complainants jointly. The rights of the one complainant who is not interested in this branch of the counter-claim must be recognized. To permit, in the present cause, the introduction of the claims of the one

defendant asserted in the third and fourth counts of the counter-claim against the one complainant would be prejudicial to the rights of the disinterested complainant, and unconventional and impracticable.

The ultimate conclusions are that (a) paragraph 4 of the answer will be struck out with leave to substitute therefor by amendment, averments which are confined to the matters alleged in the first and second counts of the counter-claim; (b) paragraph 5 of the answer is frivolous; (c) the third, fourth, fifth and sixth counts of the counter-claim will be disapproved and suppressed solely because the claims of the defendant therein alleged cannot be utilized by way of set-off in the present foreclosure suit.

An order will be advised in conformity with these conclusions.